ORTIZ et ux. v. RODERIGUEZ et al.

No. 9811.

Court of Civil Appeals of Texas. San Antonio.

March 25, 1936.

Rehearing Denied May 6, 1936.

T. B. Monroe and Nass & Bitter, all of San Antonio, for appellants.

H. D. Barrow and Frank W. Steinle, both of Jourdanton, for appellees.

SMITH, Chief Justice.

Appellee Maria Ortiz de Roderiguez (joined pro forma by her husband) brought this action in trespass to try title against appellants, Crecencio Ortiz and wife, to recover 100 acres of land situated in Atascosa county. She also sought to recover the value of certain personal property alleged to have been converted by appellants. She claimed ownership of the land by reason of an alleged parol gift thereof to her former husband, Emeterio Ortiz, now deceased, and herself, by appellants, who were the parents of her said deceased husband. She alleged the appropriate elements of a parol gift of real property. The cause was tried by the court, without a jury, in the absence of appellants and their counsel, after having been specially set for the date of the trial. Subsequently, and in due time, appellants moved for a new trial, at which much

evidence was heard, and the motion overruled.

The trial judge filed full findings of fact and conclusions of law. The findings of fact upon the merits of the case are as follows:

"I find that in the year 1924 the defendants by verbal agreement and understanding gave the 100 acres of land, more or less, described in plaintiffs' petition, to the plaintiff Maria Ortiz de Roderiguez and her then husband Emeterio Ortiz, now deceased; that said property, then belonging to the defendants, did not constitute any part of their homestead. That immediately thereafter, the plaintiff and her then said husband took possession of said land under said agreement and made valuable and permanent improvements thereon in good faith and pursuant to said agreement. That they continued to occupy said land from said time until the time of the death of said Emeterio Ortiz, to-wit: on or about August 7th, 1933, cultivating, using and enjoying the same as their own.

"That during the time said Emeterio Ortiz, deceased, and Maria Ortiz de Roderiguez lived together as husband and wife, they bought and paid for all the various items of personal property mentioned and described in plaintiffs' petition herein, except the crops, produce and the increase from said livestock, and that said crops and produce were grown by them on said farm during said time.

"That Emeterio Ortiz died intestate on or about the 7th day of August, 1933, and left no child or children surviving him and that no administration was had on his estate and that he owed no debts.

"That about two weeks after the death of the said Emeterio Ortiz the defendants went to said farm and by force and against the will and consent of the plaintiff, Maria Ortiz de Roderiguez, dispossessed her of said land and all of said personal property and appropriated said land, premises and personal property to their own use and benefit. That they never returned any of the same to her and never paid her any consideration therefor.

"I find that said personal property was of the reasonable aggregate value of $1,447.00 on said farm on August 7th, 1933."

And upon those findings the court concluded, as a matter of law:

"That the parol gift of said hundred acres of land, more or less, coupled with continuous possession and permanent and valuable improvements placed thereon, operated to transfer the title to said land to Emeterio Ortiz, deceased, and Maria Ortiz de Roderiguez and that it became their community property;

"That there was no necessity for administration on the estate of Emeterio Ortiz, deceased, and that the plaintiff, Maria Ortiz de Roderiguez, is entitled to recover judgment for the title and possession of said land;

"That the taking and appropriation by the defendants of the personal property above mentioned belonging to Emeterio Ortiz and his wife, Maria Ortiz de Roderiguez, amounted to an unlawful conversion. That the same was the community property of said Emeterio Ortiz and his then wife, Maria Ortiz de Roderiguez, and that she, as the survivor of said community estate, and sole heir to said property, is entitled to recover judgment against the defendants jointly and severally for the value thereof."

A statement of facts accompanies the record. We regret that appellees have not seen fit to file briefs in the case.

▮▮▮▮ Appellants first contend that the evidence was not sufficient to establish the parol gift by reason of which appellee claims title to the land in controversy. The sole evidence upon that issue was embraced in the testimony of appellee, herself, who apparently testified through an interpreter. She testified that she and her husband took possession of the land in 1924, put various permanent improvements thereon, and continued to reside thereon until after her husband's death, in 1933. She testified further:

"Q. Now then, at the time you went on that place, you had an understanding with the old man Crecencion and his wife that you were to acquire one hundred acres of that land as a gift from him to his son, Emeterio Ortiz? A. Her husband understood it to be that way.

"Q. Did she understand that from the conversation and transactions with Crecencion Ortiz, his father? A. That is the way he understood it.

"Q. After the death of your husband, did you continue to live on that place that you improved? A. Only two weeks there-

806

after, after the death of her husband, she remained there and she was ejected."

There was no other testimony upon the issue of parol gift. We are of the opinion that that evidence was insufficient to support the trial court's findings and conclusions upon the question of parol gift of real property. It has been uniformly held that in order to establish title to real property by parol gift, the evidence must be clear, full, and satisfactory that the gift was actually made, upon terms and conditions which are clear and free from ambiguity or doubt. 20 Tex.Jur. p. 351, § 133; Bracken v. Hambrick, 25 Tex. 408; Ann Berta Lodge v. Leverton, 42 Tex. 18; Snover v. Jones (Tex.Civ.App.) 172 S.W. 1122.

As stated by Chief Justice Roberts in Bracken v. Hambrick, supra: "If the terms are uncertain or ambiguous, or not made out by satisfactory proofs, a specific performance will not (as indeed upon principle it should not) be decreed. The reason would seem obvious enough; for a court of equity ought not to act on conjectures, and one of the most important objects of the statute was to prevent the introduction of loose and indeterminate proofs of what ought to be established by solemn written contracts."

Obviously, appellee did not meet that burden in this case, and the quoted evidence by no means measured up to the rule stated. The judgment decreeing title in appellee must therefore be reversed.

Appellants do not specifically or efficiently question the findings of the court upon the issue of appellants' conversion of appellee's personal property, and upon that ground, alone, the judgment in favor of appellee for the value of that property cannot be disturbed. Moreover, the evidence clearly and amply supports the court's findings thereon, which are therefore binding upon this court. It should be added that the evidence upon that issue is not subject to appellants' contention that some of the findings were based upon testimony which contravenes the provisions of article 3716, R.S:1925, prohibiting parties from testifying concerning transactions with decedents. The findings upon the issue of conversion is supported by competent testimony.

The judgment of the trial court decreeing title to the land in appellee will be reversed and the cause remanded as to that branch of the case, but in all other respects the judgment will be affirmed, at the cost of appellee.

Reversed and remanded in part; in part affirmed.