## HARROLD v. ROSS et al.

### No. 3580

Court of Civil Appeals of Texas. El Paso.

Dec. 30, 1937.

Rehearing Denied Jan. 20, 1938.

Robt. K. Crain and Gaines T. Shoults, both of Longview, E. E. Fischer, of Houston, and J. C. Epperson, of Mission, for appellant.

Cary M. Abney and Abney & Caven, all of Marshall, Edwin Lacy and Jack E. Price, both of Longview, W. H. Sanford, of Dallas, Ramey, Calhoun & Marsh, of Tyler, and Y. P. Broome, of Tulsa, Okl., for appellees.

HIGGINS, Justice.

This is a suit by the appellant, Harrold, against S. W. Ross and M. B. Hughey and others claiming mineral interests under Ross and Hughey in a 50-acre tract of land, to compel specific performance by said Ross and Hughey of an alleged parol contract by which the latter agreed to convey said land to plaintiff.

Plaintiff alleged the contract was made with the defendant Ross, who was acting for himself and Hughey, and Hughey later ratified and confirmed the same. It was alleged Ross and Hughey, about January 15, 1929, agreed to sell the land to the plaintiff for $30 an acre, or a total of $1,500; that in the event plaintiff did not pay said purchase price within 5 years from the date of purchase (January 15, 1929) then plaintiff agreed to pay Ross and Hughey, on or before 5 years from January 15, 1929, the sum of $197.50, as a first payment, and would assist the surveyor in surveying the 50-acre tract, and clear the land in 1929 and cultivate the same, and dig a water well on the land and assist in the construction of dwelling and barn by Ross and Hughey for plaintiff's use. It was further alleged that upon payment of $197.50 on or before 5 years from January 15, 1929, Ross and Hughey agreed to convey the land to plaintiff, and plaintiff was to execute and deliver to Ross and Hughey 15 vendor's lien notes. It is further alleged plaintiff would have the privilege of paying the entire balance of the purchase price, with interest, at any time within 5 years from January 15, 1929, or any time thereafter while none of the notes were past due.

It was shown plaintiff went into possession of the land in January, 1929, and remained in possession until March, 1932, when he was ousted.

Upon the conclusion of plaintiff's evidence a peremptory charge in defendants' favor was given, in accordance wherewith verdict was returned and judgment rendered.

The court did not err in giving the peremptory instruction. The evidence is insufficient to remove the alleged oral promise to convey from the operation of the statute of frauds.

(1) It was shown that sometime after the alleged promise was made plaintiff assisted a surveyor in surveying the 50-acre tract in question, cleared a part of the land in 1929, cultivated the same, dug a well, assisted in the construction of a dwelling and a barn on the land, as plaintiff alleged he agreed to do. The personal services rendered by the plaintiff in such surveying, cultivating the land for his own use, digging a well and assisting in the construction of a dwelling and barn by defendants for plaintiff's use cannot be considered as such performance of the contract as would entitle plaintiff to specific performance. The performance mentioned amounted to nothing more than payment in part of the consideration agreed upon for the land. For the recovery of this plaintiff has his remedy at law, and cannot resort to the equitable remedy of specific performance. 20 Tex.Jur., Statute of Frauds, §§ 115 and 117; Francis v. Thomas, Tex.Com.App., 106 S.W.2d 257, and the many cases there cited. Some other slight improvements on the land were shown to have been made by appellant, but they cannot be considered as such valuable and permanent improvements as would entitle appellant to specific performance.

■ (2) In order to remove a parol agreement to convey land from the operation of the statute of frauds, it is necessary that payment of the consideration has been made. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216. The only consideration actually paid by plaintiff consisted of the services heretofore mentioned and $20.55 in September, 1929, evidenced by receipt which reads:

"9/12/29

"Received of Virgl Harrell Twenty and $^{55}/_{100}$ Dollars ($20.55) Rent or Payment.

"Hughey & Ross,

SWR."

■ There are authorities which hold that the payment of the greater part of the purchase price accompanied by a tender of the balance is sufficient. 20 Tex.Jur., Frauds, Statute of, § 118. We need not determine whether or not, under some rulings of our courts, a part payment of the purchase price will be considered as sufficient. Suffice it to say, that in our opinion the services rendered by plaintiff and the cash payment of $20.55 made in September, 1929, do not constitute a sufficient amount paid as would entitle plaintiff to specific performance upon tender of the balance of the agreed purchase price. The plaintiff relies upon an alleged tender. He did not actually tender the balance of the purchase price, and we doubt the sufficiency of the tender claimed. There are expressions in some of the opinions of our courts which indicate that a tender of the purchase money, instead of actual payment, is sufficient, but the contrary was held in Ann Berta Lodge v. Leverton, 42 Tex. 18. In that case Justice Moore said: "The tender of the purchase money certainly cannot be in-

sisted upon as a part performance of the contract, which will authorize the interpretation of the court. No case has been cited, and we have found none which intimates that relief can be had on any such ground. To so hold would be in effect to say the refusal to carry out the verbal contract, upon which the statute says the party shall not be charged, gives a court of equity the right to enforce it, which would be manifestly absurd."

So far as we are advised, this ruling has never been repudiated by our Supreme Court. It may be that in some cases a tender would be regarded as sufficient, but there is nothing in this case to remove it from the operation of the rule announced by Judge Moore.

■ (3) With reference to the $20.55, plaintiff testified that when he paid the same in September, 1929, Ross wrote "rent or payment" on the receipt, so if plaintiff decided not to pay the $197.50 that it would be rent, and if he did pay it it would be a payment. This testimony shows it was entirely optional with the plaintiff whether he would buy the land from the defendants or assume the attitude of a tenant. It shows plaintiff did not obligate himself to purchase the land. The contract was lacking in mutuality of obligation, and unenforceable for that reason. Goodwin, Inc., v. Stuart, Tex.Civ.App., 52 S.W.2d 311.

■ Another rule essential to remove a parol agreement to convey land from the operation of the statute of frauds is that its terms and conditions be clear and free from ambiguity and doubt, and be established by evidence full, clear, and satisfactory. Bracken v. Hambrick, 25 Tex. 408; Snover v. Jones, Tex.Civ.App., 172 S.W. 1122; Martin v. Martin, Tex. Civ.App., 207 S.W. 188; Fabra v. Fabra, Tex.Civ.App., 221 S.W. 1008; Ortiz v. Roderiquez, Tex.Civ.App., 93 S.W.2d 804; Meurin v. Kopplin, Tex.Civ.App., 100 S.W. 984; Mondragon v. Mondragon, Tex. Civ.App., 239 S.W. 650.

■ The testimony of the plaintiff with reference to the payment of $20.55 shows that it was uncertain, at least, whether there was a contract between the parties possessing the essential element of mutuality, and, therefore, the evidence in this case does not establish a contract free from ambiguity and doubt by full, clear, and satisfactory evidence.

For the reasons stated, the peremptory charge was proper, and the judgment should be affirmed. It is so ordered.