H. A. Hooks, Administrator, et al. v. Bob Bridgewater.

No. 2699.  Decided April 13, 1921.

(229 S. W., 1114.)

1.—Statute of Frauds—Real Property—Parol Contract—Equitable Title.

To constitute a right in equity to enforce a parol agreement for conveyance of real estate, it is necessary: (1) that the consideration be performed; (2) that possession be delivered to the promisee; (3) that he make valuable and permanent improvements upon the land with the consent of the vendor. Unless all these conditions are met the Statute of Frauds applies and the agreement is not enforcible. (Pp. 126, 127).

2.—Same—Case Stated.

A father agreed to resign the custody of and right to control his minor son to another, an unmarried man, who agreed to raise and educate the child as his son and to leave him his entire estate at his death. To him the child assumed and discharged the relations of a son and was raised and educated by him and in his home, but without adoption under the statute. On the death of such foster parent intestate, the child, never having been given possession of nor making improvements upon his real estate, the enforcement of such unwritten agreement to leave the same to such child was forbidden by the Statute of Frauds, and the title thereto passed to the legal heirs of decedent. (Pp. 125-131).

3.—Same—Cases Discussed.

Garner v. Stubblefield, 5 Texas, 551 (payment of the consideration, though in full, is not sufficient); Ann Berta Lodge v. Leaverton, 42 Texas, 18, (nor is possession of the premises by the vendee); Eason v. Eason, 61 Texas, 227; Bradley v. Owsley, 74 Texas, 69; Altgelt v. Escalero, 110 S. W., 989; Terry v. Craft, 87 S. W., 444 (both possession and the making of permanent and valuable improvements must concur); are discussed, approved and followed. (Pp. 127-129).

4.—Statute of Frauds—Parol Contract—Consideration Incapable of Estimate in Money.

No exception to the application of the Statute of Frauds to a parol contract concerning title to real estate is permissible on the sole ground that the consideration has been fully performed and is in its nature (discharge of assumed duties as a son to a father) such that its value could not be

measured in money or property and so compensated. Besides the verbal contract here itself assumes to so measure it. (Pp. 130, 131).

5.—Parol Contract—Surrender of Possession.

Parol contract to leave property to one on death is not excepted from the requirement that surrender of possession is indispensible in order to avoid the effect of the Statute of Frauds by the fact that the contract itself contemplated retention of possession by the owner during his lifetime. Wooldridge v. Hancock, 70 Texas, 18, followed. (P. 131).

6.—Statute of Frauds—Equities Under Parol Contract.

The Statute of Frauds being clear in its prohibition of unwritten transfers of real estate and salutary in its operation, the courts will not sanction its disregard, on equitable grounds, beyond those cases in which, for the prevention of fraud, the courts of this State have already recognized exceptions to its operation. (Pp. 127, 128).

7.—Parent and Child—Bargaining Away Relation—Public Policy.

A parent has no property interest in his child and should not be permitted to deal with it as property. An agreement by which a father attempts to renounce the relation to a son imposed by nature and surrender his powers and duties to another for the child's financial advantage is contrary to public policy and is not a contract. Legate v. Legate, 87 Texas, 248, followed. Jordan v. Abney, 97 Texas, 296, distinguished. The custody of the child is not a subject-matter for contract and can constitute no consideration for one, whether for real estate or for personalty. (Pp. 131, 132).

Error to the Court of Civil Appeals for the First District, in an appeal from Hardin County.

Bridgewater was denied recovery against the administrator and heirs of Davis in the trial court. On his appeal this was reversed and rendered in his favor. Bridgewater v. Hooks, 159 S. W., 1004. Appellees then obtained writ of error.

*Smith, Crawford & Mead, Singleton & Nall,* and *Leon Sonfield,* for plaintiffs in error.

The alleged parol agreement in this case by Davis to transfer or leave his property to defendant in error, consisting largely of real estate, being unaccompanied by possession or other physical evidence of ownership, is within the Statute of Frauds and therefore void. Bradley v. Owsley, 74 Texas, 69; Wooldridge v. Hancock, 70 Texas, 18; Ann Berta Lodge v. Leaverton, 42 Texas, 18; Eason v. Eason, 61 Texas, 225; Garner v. Stubblefield, 5 Texas, 560; Dugan v. Colville, 8 Texas, 128; Johnson v. Portwood, 89 Texas, 235; Sweet v. Lyons, 88 S. W., 385; Bone v. Cowan, 84 S. W., 386; Wells v. Davis, 77 Texas, 638; Wootters v. Hale, 83 Texas, 567; Bullock v. Sprowls, 54 S. W., 658; Castleman v. Sherry, 42 Texas, 62; Ponce v. McWhorter, 50 Texas, 571; Hibbert v. Aylott, 52 Texas, 530; 26 Am. & Eng. Enc. of Law, 58.

The contract alleged, in so far as the same pertains to real property, is within the Statute of Frauds and the performance by plain-

tiff is only tantamount to the payment of the consideration and does not take the contract without the statute, and being obnoxious to the Statute of Frauds the same can not be specifically enforced. Sprague v. Haines, 68 Texas, 216; Raycraft v. Johnston, 93 S. W., 237; Newcomb v. Cox, 66 S. W., 338; Terry v. Craft, 87 S. W., 844; McCarty v. May, 74 S. W., 804; Deitrich v. Heintz, 99 S. W., 417; Stevens v. Lee, 70 Texas, 279; Estate of Kessler, 87 Wis., 660, 41 Am. St., 74; Dicken v. McKinley, 163 Ill., 318, 54 Am. St., 471; Fuller v. Fuller, 68 Atl., 45; Goodloe v. Goodloe, 92 S. W., 767; Wallace v. Long, 105 Ind., 522, 55 Am. St., 222; Ellis v. Carey, 74 Wis., 176; Schoonover v. Vachon, 121 Ind., 3; Davis v. Jones, 42, Am. St., 360.

There being no evidence and no finding by the District Court or the Court of Civil Appeals that plaintiff altered his position with reference to such alleged contract in such a way as to injure him or to place him at a disadvantage from which he cannot recover, but rather that he benefitted thereby, the alleged contract is not taken out of the Statute of Frauds and is unenforcible by specific performance. Terry v. Craft, 87 S. W., 844; Morris v. Gaines, 82 Texas 255, 258; Rosenwald v. Middlebrook, 86 S. W., 200, 209; Van Horn v. Demarest, 77 Atl., 367; Cooper v. Colson, 66 N. J. Eq., 328; Plunkett v. Bryant, 45 S. E., 742; 36 Cyc., 645.

The Court of Civil Appeals erred in holding that the requisites of possession and permanent improvements upon land do not apply in cases of bequests or devises covering generally all the property which grantor or donor might own at the date of his death. See authorities first above cited. Also: Altgelt v. Escalero, 110 S. W., 991; Baldwin v. Riley, 108 S. W., 1192; Hammond v. Hammond, 108 S. W., 1024; Hutcheson v. Chandler, 104 S. W., 434; Raycraft v. Johnston, 93 S. W., 237; Sullivan v. Dimmitt, 34 Texas, 124; Pond v. Sheean, 132 Ill., 312; Dicken v. McKinley, 163 Ill., 318; Wallace v. Long, 105 Ind., 522; Ellis v. Carey, 74 Wis., 176.

The alleged transfer of custody of plaintiff, Bob Bridgewater, by his father to Davis, was not a contract and can not be enforced as such, because a father can not by contract divest himself of the care and custody of his children, and such relinquishment of the care and custody was no consideration for an agreement by Davis to leave his property at his death to plaintiff. And the plaintiff not having ratified or become a party to the contract, the Court of Civil Appeals erred in holding it binding on Davis' estate. Legate v. Legate, 87 Texas, 248; Taylor v. Deseve, 81 Texas, 246; Logan v. Lennix, 88 S. W., 364; State v. Deaton, 93 Texas, 243; Parker v. Wiggins, 86 S. W., 788; Chapsky v. Wood, 26 Kans., 650; In re Scarritt, 76 Mo., 565; Ide v. Brown, 70 N. E., 101; Mahaney v. Carr, 67 N. E., 903; 9 Cyc., 326 and 386D.

*Jas. A. Harrison, J. L. Manny, W. D. Gordon,* and *Ralph Durham,* for defendant in error.

A contract whereby a parent surrenders the custody and control of a minor to a third person, in consideration that the third person will raise the child as his own and leave the child his property at his death is a legal contract, and when performed by the child will be enforced for his benefit. Jordan v. Abney, 97 Texas, 296; Clark v. West, 73 S. W., 797; Furman v. Craine, 121 Pac., 1007; Chehak v. Battles, 12 Am. & Eng. Ann. Cases, 140; Kofka v. Rosicky, 43 Am. St., 685; Svanburg v. Fosseen, 74 Am. St., 491; Sharkey v. McDermott, 4 S. W., 107; Weeks v. Lund, 45 Atl. R., 249; 36 Cyc., pp. 673-674.

The trial court erred in holding and finding as a matter of law that the contract sued on was void under the Statute of Frauds, because John W. Davis, deceased, under whom defendants claim as heirs, permitted plaintiff and plaintiff's father to fully carry out said contract during a long number of years, plaintiff can not be restored to his former status, nor can there be a pecuniary standard of compensation arrived at. It would be a legal fraud on plaintiff to invoke the said statute, and defendants are estopped from claiming its benefit. Dugan v. Colville, 8 Texas, 126; Morris v. Gaines, 17 S. W., 538; Johnson v. Portwood, 34 S. W., 600; Sorrells v. Goldberg, 78 S. W., 712; Westfall v. Perry, 23 S. W., 741; Castleman v. Sherry, 42 Texas, 59; Ponce v. McWhorter, 50 Texas, 563; Wooldridge v. Hancock, 6 S. W., 822; Lodge v. Leverton, 42 Texas, 18; Williams v. Morris, 95 U. S., 457; Chehak v. Battles, 12 Am. & Eng. Ann. Cases, 140; Kofka v. Rosicky, 43 Am. St. R., 685; Sharkey v. McDermott, 4 S. W., 107; Savanburg v. Fosseen, 74 Am. St. R., 491; Healey v. Simpson, 20 S. W., 881; Weeks v. Lund, 45 Atl., 249; Simpkins on Contracts and Sales (2nd Ed.), pp. 105-6-7; 36 Cyc., pp. 642-3-4; Pomeroy's Equity Jurisprudence (Ed. 1883), Art. 103, Art. 1409; Jones on Evidence, Art. 432.

A verbal contract to leave to another all his property at his death which consists of both real and personal estate, is a divisible contract and will be enforced as to the personal estate where the statute of frauds prevents its enforcement as to the real estate. Hazzard v. Morrison, 143 S. W., 142; Rand v. Mather, 11 Cush. (Mass.), 1; 9 Cyc., p. 564; Page v. Monks, 5 Gray (Mass.), 492; Vol. 8 Am. & Eng. Ann. Cases, notes p. 965, subject, Divisible Contracts.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The plaintiff, Bob Bridgewater, brought the suit against the administrator of the estate of John W. Davis, deceased, and the heirs at law of Davis, to recover Davis' estate. The suit was in fact one to enforce a verbal agreement claimed to have been entered into by the

plaintiff's father, at that time his only surviving parent, when the plaintiff was a child of nine years of age, and Davis, whereby the father contracted to surrender plaintiff's custody and control to Davis, and Davis, a single man who never married, agreed upon that consideration to rear the plaintiff, giving him the care and rights of a son, make him his heir and leave to him at his death all of his property.

The trial court found that the evidence established the making of the parol agreement; that Davis took charge of the plaintiff under the agreement when he was thus a child, and plaintiff's father never thereafter exercised any control over him; that the plaintiff lived with Davis thereafter, giving him the affection and obedience of a son, and performing chores and services around his home as needed, for which he received no wages or money consideration. Davis failed to bequeath any of his property to plaintiff, dying intestate, leaving an estate of both real and personal property. Before his death he had not placed the plaintiff in possession of any of it.

Judgment for the defendant was rendered in the trial court. On the appeal, this was reversed by the honorable Court of Civil Appeals for the First District and judgment rendered for the plaintiff.

As it affected the land belonging to Davis, the contract was plainly condemned by the Statute of Frauds. It was merely a parol agreement whereby in consideration of the father's surrender of the custody of the plaintiff and the latter's living with Davis as a son, Davis' lands owned at his death should become the plaintiff's property. It was in effect but a parol sale of Davis' lands to be performed by him in the future, and has no higher dignity than such a sale. The question presented by this feature of the case is whether the performance of the contract by the plaintiff relieves it from the operation of the statute of frauds, or, as more accurately stated, renders the contract enforcible in equity notwithstanding the statute.

The Court of Civil Appeals has held that it does, despite the fact that there was never any possession of the lands by the plaintiff in Davis' lifetime.

To sustain this holding, there must be created by judical authority another exception to the operation of the Statute of Frauds, one unsanctioned by any previous decision of this Court, and of larger consequence than any heretofore recognized by it. This is evident. For if it be the law that a contract of this kind may, under the circumstances here present, be enforced against a decedent's estate, the entire inheritances of families are, for the benefit of strangers to the blood, put at the mercy of parol evidence.

From an early time it has been the rule of this Court, steadily adhered to, that to relieve a parol sale of land from the operation of the Statute of Frauds, three things were necessary: (1) Payment of the consideration, whether it be in money or services. (2) Posses-

sion by the vendee. And (3) The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. Payment of the consideration, though it be a payment in full, is not sufficient. This has been the law since Garner v. Stubblefield, 5 Texas, 551. Nor is possession of the premises by the vendee. Ann Berta Lodge v. Leverton, 42 Texas, 18. Each of these three elements is indispensable, and they must all exist.

Regardless of the disposition of other courts to engraft other exceptions upon a plain and salutary statute which had its origin in the prolific frauds and perjuries with which parol contracts concerning lands abounded, this court has always refused to further relax the statute. We think the wisdom of its course has been justified.

. Equity has no concern in such cases except to prevent the perpetation of a fraud. That is the only ground that can justify its interference. Otherwise, the exercise of its jurisdiction for the practrical anullment of the statute would be but bare usurpation. It is not to remedy a possible loss to the purchaser that it may intervene. It is the operation of a plain and valid statute that is to be relieved against. For this reason eminent judges have doubted whether under any circumstances courts of equity had originally the power to enforce such parol agreements in open disregard of the statute, and have questioned the wisdom of departing from its certain rule however plausible the pretext. The statute is valid; it is imperative; it is emphatic. Its simple requirement that contracts for the transfer of lands be in writing, imposes no hardship. The effect of its relaxation in what seemed to the courts hard cases has produced abuses almost as great as would have its rigorous enforcement, in the substitution of a doubtful state of the law for a rule that was plain and certain and easily capable of observance. In a noted early English case the chancellor made the following observation on this trend of judicial decisions:

"The statute was made for the purpose of preventing frauds and perjuries, and nothing can be more manifest to any person who has been in the habit of practicing in the courts of equity than that the relaxation of the statute has been the ground of much perjury and much fraud. If the statute had been rigorously observed, the result would probably have been that few instances of parol agreements would have occurred. Agreements would, from the necessity of the case, have been reduced to writing; whereas it is manifest that the decisions on the subject have opened a new door to fraud, and that under the pretense of part execution, if possession is had in any way whatever, means are frequently found to put a court of equity in such a situation that, without departing from its rule, it feels obliged to break through the statute."

Whatever may be the diversity of views upon the general subject, it is clear that to warrant equity's "breaking through the statute" to enforce such a parol contract, the case must be such that the nonenforcement of the contract,—or the enforcement of the statute—would, itself, plainly amount to a fraud. This is the basis, and the only basis, for the jurisdiction which courts of equity have assumed in their creation of exceptions to the statute. When it is considered that the exercise of that jurisdiction results in any case in practically setting the statute aside, certainly there should exist some positive rule which will insure its exercise for only the prevention of an actual fraud as distinguished from a mere wrong, and by which the question of whether a failure to enforce the contract would result in such a fraud may be determined so surely as to leave the statute itself, through the exactness of the exception, with some definiteness of operation. The merit of the rule announced by this court in every decision where it has dealt with the subject is that it does this. By its requirement of payment of the consideration, adverse possession by the purchaser, and his making of valuable and permanent improvements in order for the contract to be exempt from the statute, it insures the application of the exemption only for the avoidance of actual fraud, and secures, as it should, the full operation of the statute in all other cases. Its purpose is both to prevent the perpetration of fraud and to safeguard the titles of lands. It is a rule founded in sound reason and common experience, and is fair and just.

There is no fraud in refusing to enforce the contract where only the consideration is paid. The value of the consideration may in a law action be recovered. Nor where only possession of the premises is given. In such case there is no performance by the purchaser of any obligation. Nor even where there is both payment of the consideration and possession; without valuable and permanent improvements made on the faith of contract, or their equivalent. Merely the transfer of the possession by the vendor could create no estoppel against him. A transfer of the possession of the soil affords no presumption of a sale of the fee. As said by Judge Moore in Lodge v. Leverton, 42 Texas, 18 to permit a person who can show no other act done beyond the transfer of the possession of the soil from the owner to himself, to enforce an oral agreement for the sale of the fee, would practically repeal the Statute of Frauds and let in all the mischiefs it was intended to guard against. But where there is payment of the consideration, the surrender of possession and the making of valuable and permanent improvements on the faith of the purchase with the owner's knowledge or consent, there is created an estoppel against him and it may fairly be said that a fraud upon the purchaser would result if the owner were permitted to repudiate the contract.

Not only can there be no fraud upon a purchaser in refusing to enforce a parol contract for the sale of land where there has been no performance beyond the payment of the consideration, but a further strong reason for the requirement of possession is that without it the existence of the contract rests altogether in parol evidence, which common experience has shown to be too unstable and uncertain to be permitted to work a divestiture of title to real property. If, however, the purchaser be let into possession, there is furnished by an affirmative act of the owner himself at least a corroborative fact that the contract was actually made.

At all events it is a positive requirement under the holding of this court. It is a part of the settled law, and is not now to be dispensed with.

In Wooldridge v. Hancock, 70 Texas, 18, 6 S. W., 818, this is said:

"But it is necessary to the validity of a parol sale or gift of land in Texas, however the rule may be elsewhere, that *possession be delivered,* and substantial and valuable improvements made, with the consent or knowledge of the vendor, upon the faith of such gift or sale." Citing Ann Berta Lodge v. Leverton, 42 Texas, 18, and Eason v. Eason, 61 Texas, 227.

And in Bradley v. Ousley, 74 Texas, 69, 11 S. W., 1052, it is announced.

"The rule in this State is well established that verbal contracts for the sale of land will not be enforced without *proof of possession* and valuable improvements permanent in character or other facts making the transaction a fraud on the purchaser if not enforced."

See also Altgelt v. Escalero, 51 Texas Civ. App., 108, 110 S. W., 989, and Terry v. Craft, 87 S. W., 844.

With this the established, and in our opinion the sound, rule of decision in this State, there can be no occasion for enlarging it. When called upon, as here, to disregard it and engraft a further exception upon the statute, we deem it appropriate to say, in the language of the opinion in Ann Berta Lodge v. Leverton, "The propriety of the enforcement of such contracts by courts of equity, under any circumstances, has always been a mooted question. And while it is not to be denied by us that it may be done in such cases as have heretofore been held by the court as authorizing it, we are unwilling to extend its limits beyond the boundaries defined by them."

For such contracts to be enforcible in this State, they must come fairly within the rule. If there has been no surrender of the possession of the land, the contract is not within the rule and is incapable of enforcement. It is no answer to say that the rule does not fit the circumstances of the particular contract. That is no reason for making another rule. The rules of law are not thus to be disregarded or evaded. The rule is necessarily a general one and

111 Tex.—9

intended for general application. If a particular case does not fall within it, the statute, itself, governs and condemns the contract on which the case rests.

The parol contract here has no basis for its enforcement, other than the plaintiff's performance by his assuming with Davis the relation and rendering him the service of a son. That was the consideration for Davis' agreement to make him the owner of his estate. The case, therefore, is simply one where the consideration for a parol agreement to transfer the title to land has been paid, with no possession of the land surrendered and no valuable and permanent improvements made by the purchaser on the faith of the agreement. In no other character of case resting only upon the payment of the consideration could such a contract be enforced in this State. If the consideration for Davis' agreement had been an amount of money, however large, and had been fully paid, without possession of the land and valuable and permanent improvements the contract would be held incapable of enforcement. If the payment of the consideration is to be held insufficient in one case it should be so held in all cases. The test is not the character of the consideration nor the value of the bargain. Why should the nature of the consideration or its exceptional value alone determine the question, instead of the rule itself which, in addition to the payment of the consideration, whatever its character and value, requires possession of the land and valuable and permanent improvements. And why should there be allowed the enforcement of a parol contract for the sale of land, the consideration being of the nature paid in this case, and deny its enforcement where the consideration has been fully paid in money? No satisfactory answer can be given to these questions.

The holding of the Court of Civil Appeals is that a distinction should be made in this case because the value of the plaintiff's services in his assumed relation as Davis' son could not be measured in money. The plaintiff's father in the making of the contract and as its basis, as well as Davis, measured them in property.

The father calculated the money value of the plaintiff's filial relation to himself, what it would be worth to surrender that relation to Davis and the value it would be to Davis, placed it all at the value of Davis' estate, and closed the bargain accordingly. The suit assumes that Davis was able to estimate the value of the relationship and services to himself, for it charges that he agreed to pay for them by the transfer of his estate. The entire case is one where the custody, the relationship, and the services of the plaintiff were dealt with as property; where it was agreed that they should be exchanged for property, showing that the parties estimated their value in property; and where, now, it is sought, as in any other pecuniary bargain, to compel payment for them in property. If the parties to the agreement were able to estimate their value in property, a

court should be competent to value them in money. The value of a child's services to his parents, and of a husband's or wife's relation and affection are every day the matter of assessment by courts. They are not held uncertain as a matter of judicial investigation. There would equally be no difficulty, we apprehend, in a similar determination of the value of the plaintiff's services and relationship to Davis.

Another reason given by the Court of Civil Appeals for holding inapplicable to this case the rule of this court upon the subject, is that the court could not have had such a case as this in mind in so declaring the rule. The opinion in Wooldridge v. Hancock (70 Texas, 18) discloses that the court had in mind those very situations where, as here, the parol agreement did not contemplate the surrender of the possession of the land in the lifetime of the owner; but it held that alone to be a sufficient reason for denying the enforcement of the agreement. The opinion declares that where an owner of land makes a verbal sale or gift of it to take effect after his death but retains the possession, no title is acquired, "for it is essential, in case of parol gift or sale of land, that possession should accompany or follow the gift or sale; and there being no intention to part with the title—as was true of Davis—until some indefinite time in the future, there could be no exclusive adverse possession against the owner, which seems to be necessary in order to ripen into a title."

Aside from the invalidity of the contract as to the land of the estate under the Statute of Frauds and its being incapable of enforcement because there was no possession by the plaintiff of the land, it is a character of contract which should be held void as a matter of public policy. A parent has no property interest in his child and should not be permitted to deal with his child as property. It was so held in Legate v. Legate, 87 Texas, 248, 28 S. W., 281; but the proposition needs no authority for its support. The law should not encourage the reliquishment by parents of their children and the renunciation of a sacred relation imposed by nature merely for the children's enrichment, by placing the seal of validity upon a contract in which a parent in effect barters his child away for a property return. It is more concerned in fostering and maintaining that relation and guarding its valuable and wholesome influences than in promoting the child's financial prosperity. Let it be once held that a parent's contract of this kind is valid and may be enforced, and every parent will be free to transfer his children to any one willing to pay them well for the bargain. We are unwilling to subscribe to such a doctrine. It tends to the destruction of one of the finest relations of human life, the subversion of the family tie, and to the reversal of an ordering of nature which is essential to human happiness and the security of society. It reduces parental duty and the child's welfare to the sordid level of financial profit, and would

license the easy surrender of that duty for merely the child's financial advantage. The custody of a child is not a subject matter of contract and therefore can constitute no consideration for a contract. The attempted agreement here was therefore not a contract. Legate v. Legate. Davis could not have enforced it because based upon a void consideration. If Davis could not have enforced it against the plaintiff, it is not enforcible in the plaintiff's favor.

True, contracts between two persons upon a valuable consideration, that one will leave his property to the other, are enforcible where no statute is contravened. Such is the recognized law and was the holding in Jordan v. Abney, 97 Texas, 296, 78 S. W., 486. There, in addition to the contract made between the plaintiff's father and Mr. and Mrs. Ogle, there was a contract between the plaintiff herself and Mrs. Ogle, made after Ogle's death, confirming the previous contract and by which Mrs. Ogle agreed to leave the plaintiff her property. Here, there was no contract between the plaintiff and Davis for the former's service. The contract was between the plaintiff's father and Davis by which his custody and filial relation were attempted to be bargained away as though properly the subject matter of contract. They could not form the basis of a contract under the express holding in Legate v. Legate.

The judgment of the honorable Court of Civil Appeals is reversed and the judgment of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*