**WYATT et al. v. HOKE et al.**

No. 3839.

Court of Civil Appeals of Texas. Beaumont.
March 27, 1941.

Rehearing Denied April 9, 1941.

Hardway, Woodruff & Austin, of Houston, for appellants.

O. Etheridge and A. A. Turner, both of Conroe, for appellees.

WALKER, Chief Justice.

This suit was filed by E. I. Hoke and Mrs. Mary Sue Hoke, joined by her husband, I. D. Hoke, against R. O. Wyatt and G. C. Mostyn, sheriff of Montgomery county, praying for an injunction restraining the defendants "from selling or offering for sale, or in any manner attempting to sell" two tracts of land described in their petition under alias execution on judgments against I. D. Hoke et al. On trial to the court without a jury, judgment was entered in favor of the plaintiffs, granting them the relief prayed for except as to a small mineral interest in one tract of the land.

In his judgment, the court found that one tract of the land in controversy, containing 100 acres, was "the separate property of the plaintiff Mrs. Mary Sue Hoke" and though the record title was in I. D. Hoke, this land was bought by and for Mrs. Mary Sue Hoke "out of inherittance money received from the estate of her deceased father." The court further found that this tract of land was the separate property of Mrs. Mary Sue Hoke, and that "her husband, I. D. Hoke, never had any interest therein." Appellants' assignments is that this fact finding is without support in the evidence. This proposition is overruled. I. D. Hoke testified (Q. & A. reduced to narrative): "I did not buy this land for myself; J. W. Weisinger bought it for Mrs. Hoke, she was a Weisinger. At the time Mr. Weisinger bought this land for Mrs. Hoke, Mrs. Hoke and I were married. There was that little tract of land to be sold right adjoining the Weisinger property in the William Adkins survey, and Mrs. Hoke thought it would be cheap at that price, which was 100 acres. I didn't pay for the land, I didn't see any money, I didn't have one cent of money in the job anywhere. It was Mrs. Hoke's money. She got her money from her father's estate. It was money, as I understand, that was set aside in his years of accumulation for each child. Mrs. Hoke bought this land with money she inherited from her father."

The second tract of land in controversy contained 215.3 acres. This tract

of land was inherited by E. I. Hoke, I. D. Hoke and their eight brothers and sisters from their father. Appellant claimed a lien on I. D. Hoke's interest in this land under his judgment which was duly abstracted prior to the date of I. D. Hoke's deed to E. I. Hoke. The court found that "about 1923 I. D. Hoke by parol sale sold his interest to E. I. Hoke in the 215.3 acres of land in the McArthur Survey described in the Paragraph III of plaintiff's petition, being the same land described in the deed from J. K. Hoke, et al., to E. I. Hoke of date August 27, 1934, recorded in Vol. 171, page 196, Deed Records of Montgomery County, Texas; that E. I. Hoke, in 1923, paid the consideration therefor, went into possession of said land and made valuable improvements thereon, to-wit: a barn and fences; that on August 27, 1934, said I. D. Hoke deeded said interest to E. I. Hoke carrying out said parol sale but reserving one-half of the minerals in his said interest, which I. D. Hoke interest the Court finds to be 1/10 of said tract of land." Appellants' assignments against this finding are to the effect that the evidence did not show whether E. I. Hoke made the improvements prior or subsequent to the parol sale to him by I. D. Hoke, and that the evidence did not support a finding that the improvements were made on the faith of the purchase; the additional point is made that plaintiffs' petition did not plead title in E. I. Hoke under the parol sale. The pleading was sufficient; having pleaded a parol sale, the following allegation was good as against the general demurrer: "That the said I. D. Hoke did not have on May 29, 1931, July 26, 1933, nor at any time thereafter any actual interest in said respective tracts of land." The evidence supports the court's conclusions of fact. Mr. E. I. Hoke testified: "I own the 215 acres. I have lived on it since my father died in 1898. My mother died in 1910. My brothers and sisters sold me their interest in the land each reserving one-half of his or her mineral rights. My brother, I. D. Hoke, deeded me his part in 1934, reserving one-half of his mineral rights. I did not pay him any money at that time; I didn't owe him any money at that time; I didn't owe him any money. I had previously paid him the amount of the purchase price in 1923. I paid him $220.00. The agreement was that I paid him this $220.00 for his interest in the land, that was after the death of my father. The improvements have been kept up since I made the trade with I. D. Hoke; lots of improvements. I put them there. I wouldn't take these improvements off for a thousand dollars. The improvements consisted of fences, and covering the houses and barns, I covered three houses, I could not tell how much fences. I maintained the place because I am the one that has been using it, I bought the interest of my brothers and sisters. If a fellow is going to live on a place, he wants to keep it up, he wants a roof over his head." In our judgment, this evidence raised the issue of title in E. I. Hoke under the parol sale. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216.

It follows that the judgment of the lower court granting the plaintiffs their injunction restraining the sale of the property should be affirmed, on the court's conclusion that I. D. Hoke had no interest in the land at the time defendant Wyatt levied his execution thereon.

Affirmed.