Leon GAINES, Appellant,

v.

Blake HAMMAN, Appellee.

No. 16210.

Court of Civil Appeals of Texas.

Fort Worth.

April 14, 1961.

Rehearing Denied May 12, 1961.

Settle & Settle, and Peveril O. Settle, Jr., Fort Worth, for appellant.

Hudson, Keltner, Jordan, Smith & Cunningham, Fort Worth, for appellee.

MASSEY, Chief Justice.

From a summary judgment in behalf of defendant Blake Hamman, plaintiff Leon Gaines has perfected an appeal.

Judgment affirmed.

Appellant squarely predicates his right to recover upon the contention that the pleadings and evidence before the trial court on appellee's motion for summary judgment raise issues of fact which if determined in his favor in a trial on the merits would obligate entry of a judgment imposing a constructive trust on a one-eighth (⅛th) working interest in a certain oil and gas lease in Jack County, Texas.

Appellant is a geologist. Appellee is an oil field land man and promoter. Each is in business for himself. In past years they have been joint adventurers as to individual or groups of oil and gas lease "deals". During these years each of them have individually engaged in joint ventures in which the other had no interest. For purposes of the case we will assume that the basic oral agreement of the parties was as stated by appellant, viz.: " * * * As to

any lease * * * on which I developed or prepared the geology and which Hamman, or both of us working together, attempted to sell, we would own an equal interest * * * and would share equally in any interest reserved when it turned. It was understood that in making a trade, Hamman would be entitled to recoup the costs which he had incurred in acquiring it."

From other undisputed evidence in the record it is clear that the parties had no objection if title was taken in the name of either one, and that the appellant had no complaint to make that title to the particular lease in controversy in this case was taken by appellee in his name only. In other words appellant is not complaining in this case because his name was not mentioned in the written lease taken by the appellee.

As applied to the instant controversy it is the appellant's pleading and evidence that he developed or prepared the geology on the lease in question and pointed it out to the appellee as one wherein oil and/or gas was probably to be found, and as one which the parties could probably promote for the financing of drilling operations through conveyance of the majority interest in the lease. Appellee, acting upon the recommendation of appellant, and upon the geology developed by him, acquired the lease in his own name. Thereafter, with the aid of appellant, appellee promoted the drilling of an oil well upon the lease by conveying to those financing the same the majority interest therein, also making himself whole in that such financing covered his outlay in cash necessary to acquire the lease. Appellee was left with a one-fourth (¼th) working interest in the lease. He refused to convey half of his interest to appellant, denying any agreement or obligation to do so. By reason thereof appellant's suit was brought.

We believe that the question posed may be simplified by considering it as follows: *Question.* If a man has information that riches underlie a certain tract of land as a part thereof, but has no funds wherewith he might purchase the tract and through labor in the extraction of the riches therefrom acquire a profit, may he safely rely upon the oral agreement, of one who has the necessary funds, that if he point out the premises so that the other may purchase it the riches will be shared equally with him who knows where they are to be found by means of a conveyance to him of his proportionate interest in the land?

■ We believe that the answer to the question must be in the negative in view of the Statute of Frauds and the Texas Trust Act, for the appellant must necessarily demonstrate circumstances which would entitle a court to impose a constructive trust upon the property interest of the appellee and this cannot be done under such state of facts.

The situation is not to be distinguished from a transaction where one party entrusts money to another so that such other may purchase a designated parcel of real estate and take title thereto in his own name but for the use and benefit of both parties. Either transaction would be an express oral trust. The trusting party who is victimized upon the refusal of the trustee to honor his agreement and convey the other his proportionate interest in the property purchased would be unable to enforce the same because it would clearly be an express trust which was not in writing. Vernon's Ann.Civ.Tex.St. Title 65 "Frauds and Fraudulent Conveyances", Art. 3995 "Writing required"; V.A.T.S. Title 125A "Trusts and Trustees", Art. 7425b–1 et seq., "Texas Trust Act", Art. 7425b–7, "Requisites of a trust".

■ A constructive trust could not be imposed upon the transaction. Our statute requires trusts to be in writing and in jurisdictions where such is the case the trustee, as transferee of the title to real estate, could be said to hold the interest of a trusting party *as a constructive trust* which was not subject to the inhibitions of the aforesaid statute only if tests to be applied

demonstrate that the parties were in a confidential relationship, the duties of which were disregarded by the trustee in fraud of him who trusted through taking improper advantage of such confidential relation in procurement of the property. Of course, there must also have been a failure or refusal on the part of the trustee to perform his promise to convey the interest for which the trusting party contends or there would be no occasion for suit. Mills v. Gray, 1948, 147 Tex. 33, 210 S.W.2d 985.

■ We are of the opinion that it would be unreasonable to hold that the instant transaction could be turned into a constructive trust to get at the trustee. Here the confidence or delivery of confidential information by the appellant to the appellee was in itself the consideration moving from one party to the other in the inducement of the transaction as to which appellant seeks to impose the trust. It would seem reasonable in such a case to treat the information so imparted as identical to money or other property delivered to serve as consideration. Had appellant, as the trusting party, delivered money or other tangible property to appellee as his contribution for investment in the transaction of purchase of the same realty there is no doubt that the aforesaid Statute of Frauds would foreclose proof of his right in the property so purchased. Neither is there any doubt that the Texas Trust Act would inhibit the imposition of a trust on the property as an express trust. It could only be a fallacy to hold that merely because the consideration contributed by the appellant was confidential information rather than property of a more tangible character, the express trust agreed upon could be converted into a constructive trust. Where the contribution of the one party amounts to mere consideration for the contract, and nothing more, this is not enough to take the case out of the Statute of Frauds. The instant case would not be one where a positive fraud would be worked or permitted by the court's refusal to interpose equitable relief, for the value of the consideration delivered by appellant could be recovered in an action at law on quantum meruit. Upson v. Fitzgerald, 1937, 129 Tex. 211, 103 S.W.2d 147; Hooks v. Bridgewater, 1921, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Richardson v. Iley, Tex.Civ.App., San Antonio 1957, 299 S.W.2d 187, writ ref. n. r. e. Another strong reason why it takes more than mere consideration in order to take such a case out of the Statute is that without such the existence of the contract would rest altogether in parol evidence. Hooks v. Bridgewater, supra.

The cases upon which appellant primarily relies are those where partners or joint adventurers admittedly (or proven in writing) owned a particular oil and gas lease which expired, after which one of the partners or joint adventurers went back and for his own benefit acquired an interest in the same property. Among these cases are Omohundro v. Matthews, Tex.Sup.1960, 341 S.W.2d 401; Smith v. Bolin, 1954, 153 Tex. 486, 271 S.W.2d 93; MacDonald v. Follett, 1944, 142 Tex. 616, 180 S.W.2d 334; Wilson v. Therrell, Tex.Civ.App., Amarillo 1957, 304 S.W.2d 723, writ ref. n. r. e. In the instant case neither party had ever owned the lease in question, nor any neighboring lease from which property in the form of knowledge was acquired during ownership as to the mineral possibilities of the lease considered here.

■ Other cases cited by appellant include those where the Texas Trust Act was not applicable because it was not plead as an affirmative defense or because the case was decided prior to 1943 when the Act took effect. In those cases the Statute of Frauds did not apply to oral contracts for joint acquisition of property by the parties, nor to an oral agreement by one to pay a proportional part of the moneys expended by another in the purchase of real estate with the understanding that the parties would have a joint interest in the property so acquired. However, since 1943 such an oral agreement is invalid if the arrangement is one which creates an express trust

in relation to or consisting of real estate. 20A Tex.Jur., p. 372, "Frauds, Statute of", sec. 102 "Purchase of Land for Joint Use or Benefit".

Other cases cited by appellant relate to general principles relative to the inapplicability of the Statute of Frauds and the Texas Trust Act to true cases of constructive trusts. Such principles would be applied only in those instances where such character of trust is established by him claiming the existence thereof by clear and convincing evidence. Mellette v. Hudstan Oil Corp., Tex.Civ.App., El Paso 1951, 243 S.W.2d 438, 450, and cases cited. The claim made by the plaintiff in such case was very similar to that advanced in the case before us.

Since we are of the opinion that the case is not one upon which the appellant may be allowed to prevail upon the theory that a constructive trust could be properly imposed through the offices of equity it necessarily follows that the summary judgment entered by the trial court should not be disturbed.

Accordingly, judgment is affirmed.