**Russell CHERRY, Appellant,**

v.

**Simon Trevino SALINAS, Appellee.**

**No. 13885.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 7, 1962.

Rehearing Denied March 7, 1962.

Fred C. Reeder, Corpus Christi, for appellant.

Perkins, Floyd, Davis & Oden, Alice, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Russell Cherry, against Simon Trevino Salinas, since deceased, seeking to enforce an alleged parol agreement to execute an oil and gas lease upon lands owned by Salinas, and in the alternative for damages for the breach of the alleged parol agreement. There was also an alternate plea to recover the consideration paid, but this part of the lawsuit was severed from the other issues in the case and is not here·involved.

The trial court, after sustaining exceptions to the petition, rendered a summary judgment in favor of Salinas, and Russell Cherry has prosecuted this appeal.

The appeal presents but one question, that is, can a parol agreement to execute an oil and gas lease be enforced, either by specific performance or by the collection of damages for its breach?

Appellant contends that he made an oral agreement with Salinas that Salinas would execute an oil and gas lease upon certain valuable land owned by him, place it in escrow with a named bank, and if appellant later paid to the bank as a cash bonus the sum of $178,620.00, within thirty days, the lease was to be delivered to appellant, if he failed to pay such sum the lease would be returned to appellee. Salinas was suffering with impaired eyesight, to the extent that he was virtually blind. On or about April 6, 1960, appellee made an offer to appellant that if he would make all arrangements necessary to have appellee taken to Savannah, Georgia, and examined and treated by J. Harry Duncan, a prominent physician and eye specialist, appellee would execute the above mentioned lease and place it in escrow as above stated. Appellant did take appellee to Savannah, Georgia, he was treated by Dr. Duncan, and his eyesight was greatly improved, but he thereafter refused to execute the lease. Appellant further alleged that appellee agreed that he would not plead the provisions of Art. 3995, Vernon's Ann.Civ.Stats., known as the statute of frauds, providing in Section 4 thereof, that no action shall be brought in any court "Upon any contract for the sale of real estate or the lease thereof for a longer term than one year," unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized.

■ The facts as plead by appellant clearly show that this was a suit based upon an oral contract to convey real estate, and one that cannot be enforced in the courts of this State. Taber v. Pettus Oil & Refining Co., 139 Tex. 395, 162 S.W.2d 959, 141 A.L.R. 808; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216.

The allegations as to appellant's taking appellee to Savannah, Georgia, to an eye specialist and paying the expenses are nothing more than a plea that the consideration for the oral contract had been paid. Hooks v. Bridgewater, supra.

■ To make an oral agreement to convey real estate these things are essential: payment of consideration, delivery of possession, and the making of improvements on the land by the vendee in good faith. Here we have only the payment of the consideration. Hooks v. Bridgewater, supra.

■ Appellant contends that for the appellee to accept his service and to make expenditures of his money, and then to refuse to carry out the oral contract constitutes a fraud upon him. The authorities are to the contrary. Hooks v. Bridgewater, supra; Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505.

■ The statute of frauds applies to oral contracts to execute oil and gas leases. Hoover v. Wukasch, 152 Tex. 111, 254 S.W.2d 507; Taber v. Pettus Oil & Refining Co., 139 Tex. 395, 162 S.W.2d 959, 141 A.L.R. 808.

The letter written by one Joe Garcia to appellant after this suit was filed, was not a sufficient memorandum in writing to remove the oral agreement from the application of the statute of frauds. Taber v. Pettus Oil & Refining Co., supra.

A provision of the oral agreement not to plead the statute of frauds, Art. 3995, § 4, supra, is just as unenforcible as any other provision contained in the oral agreement. A contract which violates the statute of frauds will not support an action for damages. Taber v. Pettus Oil & Refining Co., supra.

The trial court did not err in granting a summary judgment that appellant take nothing, and the judgment is affirmed.