**Roberta MARTIN, Appellant,**

v.

**James A. EBARB and James V. Reed, Appellees.**

**No. 6620.**

Court of Civil Appeals of Texas.

Beaumont.

June 25, 1964.

Rehearing Denied Sept. 16, 1964.

Bill A. Martin, Newton, Arthur Mitchell, Austin, for appellant.

Glenn Faver, Jasper, for appellees.

PARKER, Justice.

This is a trespass to try title suit and suit for ownership and possession of cattle tried before a jury. Plaintiffs were James A. Ebarb and James V. Reed, appellees here. The defendant was Roberta Martin, appellant here. James A. Ebarb sued Roberta Martin in trespass to try title for 104 acres of land. It was stipulated that James V. Reed was the common source of title to such land. James A. Ebarb also sued Roberta Martin for the ownership and possession of cattle purchased by him from James V. Reed. Roberta Martin answered by general denial, plea of not guilty and the 10 year statute of limitation. By way of cross action, Roberta Martin sued for the 104 acre tract in trespass to try title, pleading the 10 year statute of limitation, and specially pleading her title to the 104 acres as being under James V. Reed by parol gift from him in the month of March, 1940, by virtue of which gift she took possession of the land with the full knowledge and consent of James V. Reed, erecting permanent

and valuable improvements of a substantial nature thereon in reliance upon such gift, with the consent and knowledge of the donor. Roberta Martin further alleged that Reed gave her the land and thereafter asserted in the community that she did own the land; that she, Roberta Martin, improved and lived upon the property relying upon the statements of Reed and, in effect, pleads fraud on his part estopping him from asserting any claim to said land.

The jury found in answer to Special Issues 3, 4 and 5 as follows:

"Issue No. 3

"Do you find from a preponderance of the evidence that James V. Reed made a parol gift of his right, title and interest in the land in question, to Roberta Martin, in the month of March, 1940?

"Answer: Yes.

"Issue No. 4

"If you have answered issue No. 3 'Yes', and only in that event, then answer this issue:

Do you find from a preponderance of the evidence that Roberta Martin, relying upon said gift, shortly thereafter entered into possession of said property?

"Answer: Yes.

"Issue No. 5

"If you have answered issue No. 3 'Yes', and only in that event, then answer this issue:

Do you find from a preponderance of the evidence that Roberta Martin, relying upon said gift, did make permanent and valuable improvements on said property, with the knowledge and consent of James V. Reed?

"Answer: No."

On such jury verdict, judgment was properly entered that James A. Ebarb recover of and from the defendant Roberta Martin the 104 acres sued for, it appearing from the evidence that Ebarb was conveyed such 104 acres by James V. Reed by deed dated September 14, 1960, subject to a vendor's lien retained therein. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216.

Appellant urges in its Point 2 that the trial court erred in refusing to set aside the answer by the jury to Special Issue No. 5, saying all the evidence is to the contrary. Appellant correctly states:

"Under the decisions the requirements essential to remove a parol gift of land from the statute of frauds and render it enforceable in a court of equity now appear to be well settled. They are: (1) A gift in praesenti; (2) possession delivered by the donor at the time of the gift; and (3) substantial permanent improvements placed on the property by the donee, in reliance upon the gift, with the knowledge or consent of the donor; or, without such improvements, the existence of such facts as would make it a fraud upon the donee not to enforce the gift."

The first two elements of a parol gift the jury found in favor of appellant. Then the jury found that there were no substantial permanent improvements placed on the property by the donee. No Special Issue was requested by appellant upon the question of whether or not facts existed that would make it a fraud on the appellant not to enforce the gift on the part of Reed, appellant thereby waiving such issue. Improvements were placed on said 104 acres after 1940. Many witnesses testified such improvements were made by James V. Reed, not by Roberta Martin. Such evidence amply supports the answer of the jury to Special Issue No. 5. Appellant's Point 2 is overruled.

As to the cattle, the jury found in answer to Special Issues 1 and 2 as follows:

## "Issue No. 1

"Do you find from a preponderance of the evidence that James V. Reed sold the thirty-five head of cattle involved in this lawsuit to James A. Ebarb and wife as evidenced by a bill of sale on September 14, 1960?

"Answer: Yes.

## "Issue No. 2

"If you have answered the above and foregoing Special Issue No. 1 'Yes', and only in that event, then answer the following question:

"Do you find from a preponderance of the evidence that at the time James V. Reed made the sale of said cattle to James A. Ebarb on or about September 14, 1960, that he, James V. Reed, was the sole or exclusive owner of said cattle?

"Answer: No."

Upon motion duly filed, the court found "there are no pleadings and evidence to support the findings of the jury in response to Issue No. 2, and, therefore, said issue and finding thereto should be, and is, in all things disregarded and, therefore, plaintiff James A. Ebarb is entitled to recovery of * * * cattle involved in the controversy * * * subject to the bill of sale of said cattle bearing date of September 14, 1960, from James V. Reed to James A. Ebarb and wife." By the judgment, James A. Ebarb recovered of and from the defendant Roberta Martin "35 head of common cattle."

Appellant's Point 1 is that the trial court erred in its holding that the answer to Special Issue No. 2 should be set aside and held for naught as having no support in the pleadings or evidence. Appellant contends judgment should have been entered for her as to the cattle.

Since appellee Ebarb sued for the cattle and appellant's answer contained a general denial, there were pleadings supporting the answer of the jury to Special Issue No. 2. Appellee Reed admitted that in 1959 he gave Roberta Martin half of the cattle but it is uncertain whether he gave her one-half of the increase of the cattle or one-half of all the cattle. On a subsequent sale of some of the cattle, they divided the proceeds between themselves. The controversy about the cattle does not affect and is severable from the controversy about the 104 acres of land.

That part of the judgment in which James A. Ebarb recovers from Roberta Martin the title to and possession of the 104 acre tract of land, more or less, is affirmed.

The proportionate ownership of the cattle in controversy as between appellant and appellees is so uncertain that justice to the rights of all parties requires reversal and remanding for new trial that portion of the judgment only in favor of James A. Ebarb against Roberta Martin for the recovery of all the cattle in controversy, and this court so does.