**Opinion filed May 19, 2016**



# In The

# Eleventh Court of Appeals

_____

## No. 11-14-00168-CV

_____

## JORGE AGUIRRE AND ARGELIA AGUIRRE, Appellants

## V.

## NALLELI POMPA, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-136,403**

### M E M O R A N D U M   O P I N I O N

Jorge Aguirre and Argelia Aguirre appeal from a final judgment in which the trial court ordered them to deliver, to Nalleli Pompa, title to a mobile home and a deed to real property. In two points of error, Appellants assert that the judgment should be reversed because Appellee failed to plead and prove an equitable exception to the statute of frauds and, therefore, the statute of frauds bars

enforcement of the parties' "General Agreement," as to the sale of real property. We affirm.

In May 2005, the parties entered into a General Agreement in which Appellants agreed to sell Appellee a mobile home. The mobile home was located on a two-acre tract that belonged to Appellants. The parties also had a verbal agreement regarding the sale of the land. Appellee moved into the mobile home in June 2005 and lived there for three to four months. Once Appellee moved out, the mobile home and lot were vacant for a period of time. The parties disputed the amount of time that the property was vacant. Appellants testified that, once Appellee moved out of the mobile home, she never lived in it again. Appellee testified that she moved out for approximately five or six months, that she allowed a friend to live in the mobile home for about six months, and that she then moved back into the mobile home and lived there continuously from 2008 until May 2012. Appellee said that she had to stop living in the mobile home because the pipe to her water well and her electricity line had been cut while she was visiting her husband in Mexico, and she was not able to repair the damage before Appellants moved back onto the land. Argelia testified that she and her husband did not cut the pipe or the electricity line. Appellants moved a double-wide mobile home onto the land in June 2012 and began living on the property.

In 2013, Appellee filed a petition for declaratory judgment in which she asked the trial court to order Appellants to give her a clear title to the real property and a bill of sale to the mobile home. She alleged that she entered into an agreement with Appellants for the purchase of the mobile home and the real property. She further alleged that she had paid the entire balance on the mobile home and that she had a verbal agreement with Appellants that she would purchase the real property for $10,000, the remaining balance that Appellants owed under their loan for their purchase of the property. Appellants answered with a general denial and alleged that

2

the statute of frauds barred enforcement of the agreement. After a bench trial, the trial court rendered a judgment in which it ordered Appellants to deliver to Appellee the title to the mobile home and the deed to the two-acre tract of land. The trial court also ordered Appellee to pay Appellants $4,985.51, the amount of interest that had accrued on the loan; $1,196.52 in prejudgment interest; and postjudgment interest at the rate of 5%.

Appellants contend that the trial court erred when it awarded the property to Appellee because the statute of frauds bars enforcement of the agreement. Specifically, Appellants assert that, although the parties entered into a written agreement regarding the sale of the mobile home, the parties did not enter into a written agreement regarding the sale of the two-acre tract. Appellants further assert that they raised the statute of frauds as a defense and that Appellee failed to plead and prove an equitable exception. Appellants do not raise a sufficiency challenge on appeal. Appellee argues that she proved an exception to the statute of frauds at trial in that she proved that she partially performed the oral contract. Appellee also asserts that she pleaded the exception in her original petition, and she argues that, even if she failed to plead the exception, the issue was tried by consent.

The statute of frauds provides that a sale of real estate is not enforceable unless the agreement is in writing and signed by the person to be charged with the agreement. TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(4) (West 2015). There is no dispute that the agreement for the sale of the land was not in writing; therefore, the statute of frauds bars enforcement of the agreement unless an equitable exception applies. One exception to the statute of frauds is partial performance. Under the partial performance exception, contracts that are not in writing but that have been partially performed may be enforced in equity if denial of enforcement would amount to a virtual fraud. *Carmack v. Beltway Dev. Co.*, 701 S.W.2d 37, 40 (Tex. App.—Dallas 1985, no writ). A virtual fraud arises when "the party acting in

3

reliance on the contract has suffered a substantial detriment, for which he has no adequate remedy, and the other party, if permitted to plead the statute, would reap an unearned benefit." *Id.* We use the following three-prong test to determine whether the partial performance exception has been met: (1) whether the purchaser paid the consideration; (2) whether the purchaser took possession of the property; and (3) whether the purchaser made valuable and permanent improvements on the property with the seller's consent or, if the purchaser did not make such improvements, whether other facts exist that would make the transaction a fraud on the purchaser if the oral contract were not enforced. *Boyert v. Tauber*, 834 S.W.2d 60, 63 (Tex. 1992); *Hooks v. Bridgewater*, 229 S.W. 1114, 1116 (Tex. 1921).

We will first determine whether Appellee pleaded the partial performance exception in her petition. Although Appellee does not expressly allege, in her original petition, that she partially performed under the contract, she does allege that she paid the purchase price of $10,000. Appellee also filed a brief in support of her original petition in which she specifically raised the partial performance exception to the statute of frauds and explained how she satisfied the exception. Appellee did not file this pleading until the eve of trial. However, even if Appellee failed to timely plead the exception, we hold that the issue was tried by consent of the parties; thus, we shall treat it as though it had been raised in the pleadings. *See* TEX. R. CIV. P. 67.

An issue is tried by consent when the record shows that both parties understood that the issue was part of the case and the other party did not complain. *Park v. Payne*, 381 S.W.3d 615, 618 (Tex. App.—Eastland 2012, no pet.). Here, at the end of the bench trial, the trial court asked Appellee's counsel what his position was as to why the statute of frauds did not apply. Appellee's counsel responded that case law established that "partial compliance with a verbal agreement is good enough to establish [the existence of] the agreement" and further argued that the

4

record was replete with testimony regarding Appellee's performance of the agreement. Appellee's counsel also called the trial court's attention to Appellee's partial performance argument in her brief in support of her original petition. Appellants' counsel argued that the statute of frauds applied because the written contract did not include the sale of the land. Appellants' counsel further argued that any extra payments made by Appellee should be considered rent payments for storing the mobile homes, the car, and other property on the land for an extended amount of time. Appellants' counsel made no objection to Appellee's argument regarding partial performance or to the trial court's discussion with Appellee's counsel about the partial performance exception. The trial court specifically told the parties that it would take the evidence and the brief filed by Appellee under advisement and that the parties could file posttrial briefs if they desired. Because the exception was discussed with the trial court and because Appellants did not object to the trial court's consideration of the exception, the issue was tried by consent.

We must next determine whether Appellee proved the exception. The evidence at trial shows that, on May 17, 2005, the day the parties signed the General Agreement, Appellee paid $5,000 as a down payment on the $15,000 purchase price of the mobile home. Appellee began making monthly payments on the mobile home in July 2005 and paid $250 per month from July 2005 until October 2008, when she had fully paid for the mobile home. The evidence also shows that Appellee began paying the $10,000 purchase price for the land in June 2005 and that she paid $170 per month through January 2010 for a total of $10,000. Argelia testified that Appellee failed to pay the interest that accrued on the loan and that, therefore, Appellee defaulted on the agreement. Appellee testified that she did not agree to pay the future interest that accrued under the loan and that she did not owe any

additional money for the purchase of the land. When she made her last payment, she received a receipt that showed she had a zero balance.

The question of whether the parties agreed that Appellee would pay the accrued interest is not an issue before our court. Argelia testified that Appellee paid $10,000 toward the purchase of the land. Regardless of whether that amount satisfied the total amount due under the agreement, the amount paid shows that Appellee, at least, paid the undisputed amount of consideration for the land. In addition, the evidence shows that Appellee was in possession of the land for at least part of the time period in question. Appellee testified that she lived in the home for a few months in 2005 and that she lived in the home continuously from 2008 until May 2012. Although Appellee did not live in the home after May 2012, she testified that, as of the day of trial, she still went there every once in a while. In addition, the evidence shows that Appellants surrendered the property to Appellee from 2005, when they entered into the agreement, until 2012, when they moved back onto the property. The evidence also shows that Appellee moved a second mobile home onto the property and that she stored a vehicle on the property. Appellee also moved some pipe and blocks onto the land in order to build a fence; however, the record does not show that Appellee built the fence, nor does it show that she made any improvements to the land with Appellants' consent.

After reviewing the evidence, we cannot say that the trial court erred when it enforced the agreement. Appellee presented evidence that she paid $10,000 for the purchase of the land and that she took possession of the land. Although there is no evidence that Appellee made improvements on the land, the third prong of the test is satisfied here because other facts exist that would make the transaction a fraud on the purchaser if the oral contract were not enforced. There is no dispute that Appellee paid $10,000 toward the purchase of the land, that she paid $15,000 for the mobile home on the land, and that Appellants provided her with receipts showing

6

that she had paid the balance of both amounts in full. Allowing Appellants to invoke the statute of frauds in this case would cause Appellee to suffer a substantial detriment and would allow Appellants to reap an unearned benefit. *See Carmack*, 701 S.W.2d at 40. Therefore, we hold that Appellee satisfied her burden of proving an exception to the statute of frauds and that the trial court did not err when it awarded Appellee the two-acre tract. Appellants first and second issues are overruled.

We affirm the judgment of the trial court.

JIM R. WRIGHT
CHIEF JUSTICE

May 19, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.