Ernest ARREDONDO, Appellant,

v.

J. B. MORA, Roberto Delgado, and Charles Davis, Appellees.

No. 5429.

Court of Civil Appeals of Texas.

El Paso.

Nov. 9, 1960.

Rehearing Denied Nov. 30, 1960.

Pat Dwyer, El Paso, for appellant.

Galvan & Galvan, Woodward & Woodward, Guinn & Guinn, Heriberto Porras, El Paso, for appellees.

**PER CURIAM.**

This was a suit brought by appellant, Ernest Arredondo, as plaintiff, against J. B. Mora, Roberto Delgado and Charles Davis, appellees, to enforce an alleged oral contract of sale or conveyance, pertaining to certain land in El Paso County, Texas, allegedly entered into between the appellant Arredondo, and one of the appellees, J. B. Mora By the suit, appellant sought to establish, as against the appellees, appellant's superior right and title to the real property in question. Appellee J. B. Mora cross-actioned for certain claims against appellant, as did appellee Roberto Delgado, who cross-actioned against appellant for rent claimed to be due and owing to him as a result of appellant's holding over of the property in question after such property had been sold and conveyed by the appellee J. B. Mora to appellee and cross-plaintiff, Roberto Delgado.

The trial court heard the case without intervention of a jury. The judgment was in favor of appellees, and against appellant, in that the trial court found against appellant on the issue of the existence of an alleged oral conveyance, holding that there had been no oral conveyance of the land, and that appellant's use and occupancy of such land was in his capacity as a tenant of J. B. Mora, and not as a grantee under an alleged oral conveyance, as was contended by the appellant. The court also rendered judgment in favor of appellees Mora and Delgado on their respective cross-actions against appellant.

The land involved in this controversy consists of 0.22 acre of land located at 5200 Doniphan Drive and known as "Ernie's Lounge", in the City and County of El Paso. These premises were purchased by J. B. Mora from Charles Davis on October 26, 1956, under terms and conditions set forth in a written instrument of the same date; thereafter, on January 6, 1959, by written instrument, Mora conveyed the identical land and premises to Roberto Delgado.

Appellant contends that the purported sale of the land by Mora to Delgado is a nullity, because Mora had previously conveyed the superior right and title in the property in question to appellant, Arredondo, by oral conveyance, on the same date (October 26, 1956) that Mora acquired title from the original owner, Charles Davis. Appellant further contends that he paid a valuable consideration to Mora for such oral conveyance; that he was placed in possession of such property and, during his occupancy of the land under such oral conveyance, that he has made valuable improvements thereon.

It has long been the settled law of this State that an oral contract to convey land will not be rendered unenforceable by operation of the Statute of Frauds (Article 1288, Vernon's Annotated Texas Civil Statutes), where there has been: (1), payment of the consideration, whether it be in money or services; (2), possession by the vendee; and, (3), the making by the vendee of valuable and permanent improvements upon the land. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216.

Appellant is required to do more than prove up the three elements necessary under the holding in Hooks v. Bridgewater to relieve a parol sale of land from the operation of the Statute of Frauds. The parol sale or oral conveyance must also be proven, and its existence may not be inferred or presumed solely from evidence of the existence of these three requirements, particularly where it is the contention of the opposing party that there had been no parol or oral conveyance of the land; but, on the contrary, a mere tenancy agreement.

The money paid by appellant to appellee, Mora, and which appellant contends was paid as a part of the purchase price of said land and premises, was receipted for by receipts in evidence, describing such payments as "rent". Appellant's possession and occupancy of the premises is not inconsistent with a tenancy agreement, nor are such improvements as were shown to have been made by appellant on the land inconsistent with appellee Mora's contention that appellant was a mere tenant; the improvements made by appellant having been necessary to adapt the premises to the particular use to which they were put.

In the absence of a jury, it was for the court to determine, as a question of fact, whether appellant was a purchaser of said land under an oral contract of sale or conveyance, or was a mere tenant. The court found against appellant on this issue, holding appellant's occupancy of the land in question was in the capacity of a tenant of Mora's, and not as a purchaser under an oral conveyance. We have examined the Statement of Facts filed herein, and we are of the opinion that the evidence is more than ample to support such finding. In such cases, even though we might, as triers of fact, have reached a different conclusion, an appellate court has no more right to disturb a finding of fact, supported by the evidence, in a case tried to the court, than it would, had such fact been found in a case tried to a jury and submitted on special issues.

Appellant's points complaining of the trial court's finding on the question of whether appellant was a purchaser of the land under an oral conveyance, or a mere tenant, are accordingly overruled.

The judgment of the trial court wherein cross-plaintiff, Roberto Delgado, was awarded the sum of $200 per month from January 9, 1959 to the time appellant surrenders possession of said property to appellee Delgado, is attacked by appellant on the grounds that no privity or other contractual relationship exists between Delgado and appellant, upon which the payment of such rents might be based; further, that the judgment is too indefinite and uncertain with respect to the matter of the time for which such rental must be paid, and that such judgment is not for a calculable sum certain, and is therefore not a final judgment.

We overrule these contentions. One of the express findings of the trial court was to the effect that appellant was a tenant of Mora (Delgado's immediate predecessor in title), from October 26, 1956, when Mora acquired the property, until January 9, 1959, when the property was sold by Mora to the appellee, Delgado. Supersedeas bond was made and filed by appellant to prevent execution of a writ of possession against the property in question, and appellant, so far as this record discloses, is still in possession of the premises, and has paid no rent thereon to anyone since the 9th day of January, 1959.

The right to receive the rents passed from Mora to Delgado upon the sale of the premises, and the tenant, Arredondo, in contemplation of the law, became a tenant of the purchaser, Delgado. The law is well settled that, if a tenant holds over and continues to occupy the premises after the term has expired, he is deemed to be in possession under the terms of the pre-existing contract, which terms would include, of course, the amount of rent to be paid. The amount of rent payable during the period such premises are held over may be determined by reference to the amount of rent for which the premises had previously been rented to such tenant. Under such circumstances, in the absence of a showing of some change in the physical condition of the premises, there is a presumption, in favor of the owner, that the amount of rent paid by the tenant before the expiration of the term was the reasonable rental value of the premises. It would be patently unfair for a tenant to hold over, after the expiration of the term, and, at the same time, contend that the reasonable rental value of the premises was less than that which he had previously agreed to pay.

The judgment is sufficiently definite and certain. The amount due thereunder may be calculated with mathematical certainty whenever the premises are surrendered by appellant, whether under a writ of possession, as the result of the voluntary action of appellant, or otherwise.

Our holdings on the points discussed controls the disposition of this case, and renders unnecessary a discussion of other questions raised on this appeal.

Finding no error, the judgment of the trial court is affirmed.