*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*




# MEMORANDUM OPINION

No. 04-10-00520-CV

Albert **JASIK**,
Appellant

v.

Arthur **MAURICIO** and Beatrice R. Mauricio,
Appellees

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 08-03-0198-CVA
Honorable Fred Shannon, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:  August 31, 2011

AFFIRMED

Appellant Albert Jasik appeals the trial court's judgment that (1) declared there was no contract for sale of land between Jasik and Appellees Arthur and Beatrice Mauricio, (2) quieted title in the Mauricios, (3) awarded costs, attorney's fees, and interest to the Mauricios, and (4) evicted Jasik from the property on which he was living.  We affirm the trial court's judgment.

## BACKGROUND

In 2000 or early 2001, Jasik and Arthur Mauricio discussed Jasik's potential purchase of a 4.77-acre tract from Mauricio, but the parties never executed a written agreement. Not later than April 2001, Jasik paid Mauricio $4,000.00, moved a mobile home onto the property, and began living there. In April 2001 Jasik began making monthly payments to Mauricio of $129.92, the amount of Mauricio's monthly mortgage payment. Mauricio admitted that Jasik made fifty-nine of eighty-one monthly payments for the period April 2001 through December 2007. In December 2007, Mauricio wrote Jasik and told him to move off the property. In response to Mauricio's eviction letter, Jasik asked for the deed and the mortgage balance payoff amount for the property. Mauricio refused Jasik's request and filed suit to evict him. Jasik counterclaimed for title to the property.

In an April 2010 bench trial, the parties agreed they wanted to enter into a contract for the sale of the property but they disagreed over the basic terms such as price and financing. The court concluded no oral or written contract for sale was formed, and Jasik failed to establish the requirements of a partial performance exception to the statute of frauds. The court declared that the Mauricios retained legal title to the property and ordered Jasik evicted. Asserting fifteen points of error, Jasik appeals the trial court's judgment.

## AGREEMENT FOR THE SALE OF LAND

The trial court found that the parties never reached an oral or written agreement for the sale of the land and concluded that Jasik failed to prove the existence of any contract. In multiple issues (i.e., 2, 4, 10, 12, 15) Jasik asserts the evidence was legally and factually insufficient to support the findings or the judgment. We disagree.

## A. Standards of Review

"[A] trial court's findings of fact are reviewable for legal (and factual) sufficiency of the evidence by the same standards as applied in reviewing the legal (and factual) sufficiency of the evidence supporting a jury's finding." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). "When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). We examine the record for evidence that a reasonable fact-finder would credit as supporting the judgment while ignoring contrary evidence, unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). If no evidence supports the finding, we "examine the entire record to determine if the contrary proposition is established as a matter of law." *Dow Chem. Co.*, 46 S.W.3d at 241. We will sustain a point of error "only if the contrary proposition is conclusively established." *Id.*

"When a party attacks the factual sufficiency of an adverse finding on an issue which she has the burden of proof, she must demonstrate . . . that the adverse finding is against the great weight and preponderance of the evidence." *Id.* at 242; *accord Ruiz v. Guerra*, 293 S.W.3d 706, 718 (Tex. App.—San Antonio 2009, no pet.). After weighing all the evidence, we "set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Dow Chem. Co.*, 46 S.W.3d at 242; *accord Ruiz*, 293 S.W.3d at 718.

## B. Applicable Law

A contract requires the following elements: (1) an offer, (2) an acceptance of the offer, (3) a meeting of the minds, (4) consent to the terms by both parties, and (5) execution of the

contract with the intent to be bound by its terms. *Oakrock Exploration Co. v. Killam*, 87 S.W.3d 685, 689 (Tex. App.—San Antonio 2002, pet. denied); *see Plotkin v. Joekel*, 304 S.W.3d 455, 476 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). An oral contract must be definite and clear as to all essential terms or the contract may not be enforced. *See T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992); *Oakrock*, 87 S.W.3d at 690; *Arredondo v. Mora*, 340 S.W.2d 322, 324 (Tex. Civ. App.—El Paso 1960, writ ref'd n.r.e.) (per curiam). When an essential term is left to future negotiation, there is nothing but "an unenforceable agreement to agree." *Oakrock*, 87 S.W.3d at 690. Although courts favor upholding contracts, they may not create a contract where one does not exist. *Id*.; *see Arredondo*, 340 S.W.2d at 324.

## C. Analysis

The evidence at trial regarding whether the discussions between Jasik and Mauricio created an enforceable contract for the sale of the property centered on witness testimony. Jasik and Mauricio both testified that they had agreed that Mauricio would sell Jasik the 4.77-acre tract. However, their testimony gave conflicting accounts of the terms of the agreement for sale. Their testimony also differed on whether the initial agreement to purchase the land failed and became an agreement to rent the land.

### 1. *Jasik's Evidence*

Jasik admitted there was no written agreement for the sale of the tract but testified he and Mauricio entered into an oral contract. He said the contract terms required him to make a $4,000.00 down payment, pay the property taxes, and make monthly payments to cover Mauricio's mortgage note until it was paid off. Once the mortgage was paid off, Jasik would own the land outright. Jasik testified he did not know the property's remaining mortgage balance

or how long he would have to make monthly payments before he owned it. One of Jasik's friends testified that she wrote "rent" on Jasik's checks to Mauricio because she understood the agreement to be a lease-purchase agreement.

### 2. *The Mauricios' Evidence*

Mauricio testified that he initially agreed to sell the tract to Jasik, but his understanding of the terms of the agreement differed significantly from Jasik's. Mauricio said their agreement was that he would sell Jasik the land for $35,000.00 with a $5,000.00 down payment if Jasik secured his own financing to pay the balance of the purchase price. Because they were friends, Mauricio accepted Jasik's reduced down payment of $4,000.00. Mauricio testified that he repeatedly asked Jasik to obtain his own financing and pay him the balance, but Jasik failed to do so. In about September 2003,[1] Mauricio told Jasik he would give him credit for the $4,000.00 if he obtained his own financing, but because Jasik had failed to do so, Mauricio then proposed that Jasik rent the land, and Jasik agreed. When the court asked if he was willing to return the $4,000.00, Mauricio said no because he considered it money owed for rental payments Jasik failed to pay. Mauricio testified that Jasik gave him checks that were marked "rent" as monthly payments. The court admitted into evidence six of Jasik's monthly payment checks dated in 2007 that were each marked "rent." Mauricio's wife also testified that she gave Jasik receipts for his payments, and she checked the box marked "For Rent" on each receipt.

### 3. *Legal Sufficiency*

Having reviewed the record, crediting and ignoring evidence as required, we hold that the evidence is legally sufficient to support the findings that the parties did not reach an oral agreement for sale of the tract, but instead performed under an oral month-to-month tenancy

---

[1] While testifying, Mauricio did not remember the date he spoke with Jasik about renting. Mauricio's responses to discovery requests show he believed the parties changed to a rental agreement in September 2003.

agreement. *See City of Keller*, 168 S.W.3d at 827; *Dow Chem. Co.*, 46 S.W.3d at 241. Mauricio testified that the sale price was $35,000.00 and Jasik was to arrange for his own financing. Mauricio said Jasik failed to secure separate financing and so the parties agreed that Jasik would remain on the property and pay rent to Mauricio. Mauricio showed Jasik's checks marked as rent payments with corresponding receipts also marked "For Rent." Thus, creditable evidence supports the findings. *See City of Keller*, 168 S.W.3d at 827.

### 4. Factual Sufficiency

Having considered and weighed all the admissible evidence, we hold that the findings are not against the great weight and preponderance of the evidence. *Ruiz*, 293 S.W.3d at 718–19. The trial court heard conflicting testimony as to the terms of the agreement including the sale price, the period of the payments, and the financing arrangements. The fact-finder could have believed Mauricio's testimony that Jasik agreed to a rental agreement when Jasik was unable to fund the purchase and disbelieved Jasik's testimony to the contrary. *See Dow Chem. Co.*, 46 S.W.3d at 242; *Ruiz*, 293 S.W.3d at 718–19. Similarly, the fact-finder could have reasonably believed that the checks and receipts indicated a rental agreement rather than a sale agreement. Therefore, the trial court's findings are not so against the great weight and preponderance of the evidence that they are clearly wrong and unjust. *Dow Chem. Co.*, 46 S.W.3d at 242; *Ruiz*, 293 S.W.3d at 718–19.

### D. Conclusion

The evidence is legally and factually sufficient to support the trial court's findings that there was no agreement for the sale of the tract and that the parties were performing under a landlord-tenant agreement. Further, the trial court did not err by concluding there was no oral or

written contract for the sale of the tract. Jasik's issues challenging the sufficiency of the evidence and his issues asserting the existence of an oral contract are overruled.

## INADMISSIBLE TESTIMONY

In his sixth issue, Jasik argues that the court committed reversible error by permitting Gary West, Mauricio's friend and a former police officer, to testify over Jasik's hearsay and impermissible character evidence objections. Jasik maintains that the improper admission of West's testimony probably caused the rendition of an improper judgment.

### A. Standard of Review

A trial court has discretion to admit or exclude proffered evidence. *State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 647 (Tex. 2001); *see Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989); *McEwen v. Wal-Mart Stores, Inc.*, 975 S.W.2d 25, 27 (Tex. App.—San Antonio 1998, pet. denied). We review the trial court's exercise of such discretion under an abuse of discretion standard. *McEwen*, 975 S.W.2d at 27. We are not to "reverse a judgment for erroneous rulings on admissibility of evidence when the evidence in question is cumulative and not controlling on a material issue dispositive to the case." *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000); *accord Gee*, 765 S.W.2d at 396.

### B. Applicable Law

Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d); *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004). Hearsay statements may not be admitted as evidence unless they qualify for an exception provided by rule or statute. TEX. R. EVID. 802; *e.g.*, *Members Mut. Ins. Co. v. Clancy*, 455 S.W.2d 447, 447 (Tex. Civ. App.—San Antonio 1970, no writ).

## C. Analysis

During the trial, West, Mauricio's friend, testified about Mauricio's conversations with Jasik. Mauricio sought to bolster his case through West's recounting of Mauricio's description of conversations with Jasik. Over Jasik's repeated hearsay objections, West described his understanding of the details of the agreement between Mauricio and Jasik, which understanding West acknowledged was based entirely on what Mauricio told him. The trial court stated that West's testimony might be hearsay but he wanted to hear it anyway—subject to further objections. The portions of West's testimony recounting Jasik's statements to Mauricio were inadmissible hearsay. *See* TEX. R. EVID. 802; *Clancy*, 455 S.W.2d at 447.

## D. Conclusion

Because portions of West's testimony were inadmissible hearsay, we do not consider those portions in our sufficiency reviews. *See N. Dallas Diagnostic Ctr. v. Dewberry*, 900 S.W.2d 90, 97 (Tex. App.—Dallas 1995, writ denied); *Marshall v. Telecomms. Specialists*, 806 S.W.2d 904, 907 (Tex. App.—Houston [1st Dist.] 1991, no writ). However, West's testimony was merely cumulative: it was nothing more than West's recitation of Mauricio's account of his conversations with Jasik—and Mauricio had already testified to the same facts. Because the inadmissible hearsay was merely cumulative of other properly admitted evidence, we will not reverse the judgment despite the trial court's erroneous evidentiary ruling. *See Able*, 35 S.W.3d at 617; *Gee*, 765 S.W.2d at 396. Jasik's sixth issue is overruled.

### OTHER POINTS OF ERROR

Jasik asserts multiple points of error that partially or primarily pertain to the statute of frauds (i.e., 1–5, 9–11, 13). He asserts, *inter alia*, (1) Mauricio failed to properly plead the statute of frauds as an affirmative defense, (2) the court based its verdict on a statute of frauds

defense, (3) the court failed to consider partial performance as an exception to the statute of frauds, and (4) the court failed to properly consider evidence supporting a partial performance exception to the statute of frauds. Jasik tried to show he met *Hook*'s partial performance exception to the statute of frauds, *see Hooks v. Bridgewater*, 111 Tex. 122, 126–27, 29 S.W. 1114, 1116 (1921), but he failed to meet his burden to prove the existence of an oral contract for sale of the tract.[2] Jasik's points of error pertaining to the statute of frauds are overruled.

Jasik asserts in issue seven that the trial court erred when it "presumably found" that Mauricio had the right to repudiate the sales contract. The court concluded that there was no oral or written contract, and the record does not show that the trial court found Mauricio had the right to repudiate any contract. Issue seven is overruled.

Finally, Jasik asserts in issues eight and fourteen that the court erred in determining there was no oral contract for sale of the tract. For the reasons explained herein, we overrule issues eight and fourteen.

## CONCLUSION

Jasik had to prove each of the elements of a contract including a meeting of the minds and consent to the terms by both parties. *See Oakrock*, 87 S.W.3d at 689; *see also T.O. Stanley Boot Co.*, 847 S.W.2d at 221 (requiring clarity for essential terms). After crediting and ignoring evidence as required by the standards of review, we conclude that the evidence was legally and

---

[2] *See Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 439–40 (Tex. App.—Dallas 2002, pet. denied) ("The acts of performance relied upon to take a parol contract out of the statute of frauds must be such as could have been done with no other design than to fulfill the particular agreement sought to be enforced; otherwise, they do not tend to prove the existence of the parol agreement . . . ."); *Welch v. Coca-Cola Enters.*, 36 S.W.3d 532, 539 (Tex. App.—Tyler 2000, pet. withdrawn) ("[T]he part performance must itself constitute persuasive evidence of the existence and terms of the oral contract."); *Arredondo v. Mora*, 340 S.W.2d 322, 324 (Tex. Civ. App.—El Paso 1960, writ ref'd n.r.e.) ("The parol sale or oral conveyance must also be proven, and its existence may not be inferred or presumed solely from evidence of the existence of [the *Hooks*] requirements, particularly where it is the contention of the opposing party that there had been no parol or oral conveyance of the land; but, on the contrary, a mere tenancy agreement."); *see also Kottke v. Scott*, No. 03-10-00071-CV, 2011 WL 1467194, at *4 (Tex. App.—Austin Apr. 14, 2011, no pet.) (mem. op.) (quoting *Arredondo*) (same).

factually sufficient to support the findings, conclusions, and judgment. Accordingly, we overrule each of Jasik's issues and affirm the trial court's judgment.

Rebecca Simmons, Justice