**NORWOOD et ux. v. CHILDRESS.**

No. 12409.

Court of Civil Appeals of Texas.
San Antonio.

June 25, 1952.

Rehearing Denied Sept. 3, 1952.

Farrow & Johnson, Carrizo Springs, for appellant.

Petry & Dean, Carrizo Springs, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Irene Childress, individually and as sole devisee and

beneficiary under the last will and testament of Maud Childress, deceased, and as sole heir at law of H. H. Childress, deceased, against Roy O. Norwood and his wife, Charlotte Norwood, seeking specific performance of an alleged parol agreement to convey by warranty deed a house and lot in Carrizo Springs, Dimmit County, Texas, to Maud Childress and H. H. Childress.

The trial was to a jury and, in keeping with the jury's answer to the one issue submitted, judgment was rendered in favor of Irene Childress against Roy O. Norwood and wife for title and possession of the house and lot. Roy O. Norwood and wife, Charlotte Norwood, have prosecuted this appeal.

We are of the opinion that the evidence is insufficient to support the judgment rendered.

■ The lot involved herein was a part of the homestead of Roy Norwood and wife, and a parol agreement to convey a part of the homestead is void. Art. 1300, Vernon's Ann.Civ.Stats.

■ Appellee contends that the lot had been segregated from the remainder of the homestead and had therefore been abandoned as a part of the homestead. The evidence is to the contrary. The lot had been measured off as being a lot 60 feet by 100 feet. Roy Norwood had built a home for Mr. and Mrs. Childress, his stepfather and mother, upon the lot and they had moved in and occupied the house. The 60x100 foot lot was never physically separated by a fence or in any other way from the rest of the homestead tract. The house was on the same water meter and the same butane gas system as was the Roy Norwood home. Roy Norwood mowed the lawn and otherwise cared for and kept the land surrounding the house occupied by Mr. and Mrs. Childress. Under such circumstances there was not such an abandonment of the lot as to relieve it of its homestead character, and it could only be conveyed by a written deed joined in by the wife and showing her separate acknowledgment. Giersa v. Gray, Tex.Civ.App., 31 S.W. 231;

Shook v. Shook, 21 Tex.Civ.App. 177, 50 S.W. 731; Art. 1300, supra.

■ Regardless of the homestead feature, this was at least a parol agreement to convey land, and to remove it from the Statute of Frauds, Art. 3995, § 4, Vernon's Ann.Civ.Stats., three things must be shown:

"1. Payment of the consideration, whether it be in money or services. 2. Possession by the vendee. And 3. The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. Payment of the consideration, though it be a payment in full, is not sufficient." Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1116, 15 A.L.R. 216.

■ Here there was no consideration paid to Roy Norwood. It is true that his parents gave him money, but it was all used for the construction of the home his parents were to occupy.

Appellee seems to contend that the transaction was not a sale but a gift of the house and lot to Maud Childress. The allegations of the petition are to the contrary. They do not contain any allegations of a gift and, on the contrary, are entirely inconsistent with the idea of a gift. In order to have a binding parol gift of land there must be a present intention to make a gift. Appellants testified that they intended to make a gift of a life estate only. There is no evidence to the contrary. Three witnesses testified that Roy Norwood told them he was going to make a gift of the lot, but they do not state whether such gift was for life or otherwise. Mr. and Mrs. Childress had passed away at the time of the trial and there is nothing to show how they understood the transaction.

■ In Franzetti v. Franzetti, Tex. Civ.App., 124 S.W.2d 195, 196, the Court said:

"Under the decisions the requirements essential to remove a parole

gift of land from the statute of frauds and render it enforceable in a court of equity now appear to be well settled. They are: (1) A gift in praesenti; (2) possession delivered by the donor at the time of the gift; and (3) substantial permanent improvements placed on the property by the donee, in reliance upon the gift, with the knowledge or consent of the donor; or, without such improvements, the existence of such facts as would make it a fraud upon the donee not to enforce the gift."

See also, Davis v. Clements, Tex.Civ.App., 239 S.W.2d 657. Here there is no gift in praesenti other than that of a life estate shown.

Accordingly, the judgment will be reversed and judgment here rendered that appellee, Irene Childress, take nothing and pay all costs of this Court and the court below.

Reversed and rendered.