Royle Edward **TRUITT** et ux., Appellants,

v.

E. H. **WILKINSON** et ux., Appellees.

· No. 7525.

Court of Civil Appeals of Texas.

Texarkana.

May 5, 1964.

Rehearing Denied May 26, 1964.

Aubrey Robison, Daingerfield, Carney & Mays, Atlanta, for appellants.

Joe W. Lovelace, Linden, for appellees.

FANNING, Justice.

Royle Edward Truitt and wife, Doris Truitt, sued E. H. Wilkinson and wife, Mae Wilkinson, in trespass to try title, for possession of a house and lot in Cass County, Texas. The property in question was purchased by Doris Johnson, then a widow, out of her then separate funds, and prior to her marriage to Royle Edward Truitt. After the marriage Doris and Edward Royle Truitt conveyed their respective properties to a trustee who reconveyed the property to them as the community property of Doris and Edward Royle Truitt.

Doris Wilkinson Johnson Truitt was the daughter of the defendants E. H. Wilkin-

son and wife, Mae Wilkinson. Mr. Johnson, the husband of Doris, died in California where they were living, and Doris then moved back to Cass County, Texas, where she stayed for a while with her parents at their farm home. She next bought a home near Linden with her separate funds, and by agreement the parents moved into the home to live with her. The parents' version of the oral agreement and the daughter's version of the oral agreement are at odds.

It was the contention of defendants in pleading, proof, motion for judgment and their brief that the agreement was in essence that their daughter, prior to her marriage to Mr. Truitt, orally gave her parents a life estate in the house and lot in question, in consideration of her parents moving in the home with her to keep her company and to do some of the household chores, and that they, relying on the agreement, moved into the house with their daughter. They later sold their farm and farmhouse.

The daughter, Doris Truitt, while contending that the oral agreement was not for a life estate but one terminable in essence when she decided to sell the house, (and that she desired to sell the house) also contended that the alleged oral agreement was in violation of the statute of frauds (Art. 3995, Vernon's Ann.Civ.St.) and the statute of deeds (Art. 1288, V.A.C.S.).

Defendants while relying on their oral agreement for a life estate, also pleaded an alternative count in estoppel in the event the statute of frauds applied and a second alternative count of a parol trust in the event the court held that the statute of frauds applied to the original agreement.

Two special issues were submitted to a jury.

Special Issue No. 1 and the jury's response thereto were as follows:

"Do you find from a preponderance of the evidence, if any, that Plaintiff Doris Truitt promised the defendants, E. H. Wilkinson and wife, Mae Wilkinson, that the defendants could live in the house in question, so long as either of the defendants lived.

"Answer 'Yes' or 'No'.

"Answer: Yes."

Special Issue No. 2, which is copied below was not answered by the jury.

"Do you find from a preponderance of the evidence, if any, that the Defendants, E. H. Wilkinson and wife, Mae Wilkinson, sold their farm in Cass County, Texas, relying on the promise, if any, of Plaintiff Doris Truitt that the defendants could live in the house in question, so long as either of the defendants lived.

"Answer 'Yes' or 'No'.

"Answer: ————."

Defendants in their written motion for judgment requested the trial court "to enter judgment for the Defendants for a life estate in the premises in dispute * * *".

The trial court rendered judgment that plaintiffs Truitt "should have and recover of and from the defendants E. H. Wilkinson and wife, Mae Wilkinson, the full fee simple title to the following described premises:" (Here follows a description of the premises in controversy.) The next paragraph of the trial court's judgment decrees to the effect that the defendants Wilkinsons do have and recover of the plaintiffs Truitts, "a life estate, so long as either the said E. H. Wilkinson or wife, Mae Wilkinson, shall live, in and to the above described premises, with full right of possession thereto."

Appellants by their first point contend to the effect that the trial court should have granted their motion for instructed verdict because the evidence showed conclusively that the property in controversy was owned by plaintiffs, and that any claim of the defendants under the alleged oral agreement was in violation of the

statute of frauds and of Art. 1288, V.A. C.S.

Appellees contend, among other things, that the oral agreement constituted an exception to the Statute of Frauds and to Art. 1288, V.A.C.S., and in particular contend that the agreement might have been fully performed within one year due to the fact that it was for the life of defendants, who might have died before one year. In this connection appellees cite and rely upon the case of Betts v. Betts, Tex.Civ. App., 220 S.W. 575, no writ history, which case upheld an oral lease for life with rental of $60.00 per year being payable annually. Appellees also cite other cases on this matter in their brief.

Art. 1288, V.A.C.S., the Statute of deeds or of conveyances, is quoted below,[1] and Art. 3995, V.A.C.S., the statute of frauds, is quoted below.[2]

■ The conveyancing statute (Art. 1288) prohibits an oral contract for the conveyance of an estate of inheritance or freehold, either legal or equitable. Adams v. Weir & Flagg, Tex.Civ.App., 99 S.W.2d 726; Bear v. Houston & T. C. R. Co., Tex. Civ.App., 265 S.W.2d 246; Cauble v. Worshaw, 96 Tex. 86, 70 S.W. 737; 26 Tex. Jur.2d p. 223.

■ Unquestionably a life estate in lands is an estate of freehold within the statute of deeds. See Bear v. Houston & T. C. Ry. Co., supra, (265 S.W. 246) and Wallis v. Turner, Tex.Civ.App., 95 S.W. 61.

In Wallis v. Turner, supra (95 S.W. 61) where an oral agreement to relinquish a life estate was involved, the statute of frauds was pleaded as a bar to the oral agreement, and it was contended in defense that the statute of frauds was inapplicable and it was further contended in defense to the statute of frauds that the necessary elements of a parol gift, with possession and *making of valuable improvements,* etc., were involved. We quote in part from the opinion of the court as follows:

> *"It made no difference whether the life estate of Mrs. Wallis 'might be for more than a year.' The gift or relinquishment of the life estate was a gift of lands within the statute of frauds. Such an estate is a freehold within the provisions of article 624, Rev.St.1895, with regard to conveyances. That appellants characterize the life estate as 'an estate which might be for more than a year,' while unnecessary, cannot be given the effect of destroying the plea as setting up, so far as it was necessary to do so, the defense of the statute of frauds. * * We must conclude that the verdict and judgment are contrary to the evidence and the law * * *; second, that*

---

1. Art. 1288, V.A.C.S. "No estate of inheritance or freehold, or for a term of more than one year, in lands and tenements, shall be conveyed from one to another, unless the conveyance be declared by an instrument in writing, subscribed and delivered by the party disposing of the same, or by his agent thereunto authorized by writing."

2. Art. 3995, V.A.C.S. "No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized:

"1. To charge any executor or administrator upon any promise to answer any debt or damage due from his testator or intestate, out of his own estate; or,

"2. To charge any person upon a promise to answer for the debt, default or miscarriage of another; or,

"3. To charge any person upon any agreement made upon consideration of marriage; or,

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year; or,

"5. Upon any agreement which is not to be performed within the space of one year from the making thereof. Acts 1840, p. 28; P.D. 3875; G.L. vol. 2, p. 202."

*the evidence fails to show improvements made upon the land by appellees upon the faith of the relinquishment of Mrs. Wallis of her life estate of such a character as to create an equity in appellees and take the case out of the operation of the statute of frauds; * * *."* (Emphasis added)

■ There was neither pleading nor proof in this cause of the making of valuable and permanent improvements to the property in question by appellees Wilkinsons with the consent of appellants Truitts. Appellees however by their alternative plea contend that if the parol agreement for a life estate was not upheld that a fraud would be worked upon them and that therefore they would be entitled to relief on the theory of estoppel. While the jury did not answer the second issue it is our view that under the undisputed facts in this case there is no such equitable estoppel in this cause as would take it out from the statute of frauds and the statute of conveyancing. In this connection see Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286, wherein it was stated in part as follows:

"But the petitioners-defendant argue that, aside from the circumstance of 'constructive' return of the deed, other facts we must assume as true make a case for equitable relief against the statutes on the theory of estoppel against the respondent-plaintiff, or, what is substantially the same thing, the theory that enforcement of the statutes would operate as a fraud on George Cowden and his codefendants. They say that, while the exacting requirements of Hooks v. Bridgewater, supra, [111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216], for avoiding the statute of frauds are not always applied, and that decision is not necessarily controlling here, even those requirements have actually been met, so as to establish an enforceable contract of Bell to convey (reconvey) to Cowden. Those familiar requirements are (a) payment of the consideration; (b) transfer of possession; and (c) making of valuable and permanent improvements by the vendee with consent of the vendor. The argument is that the 1948 mineral lease and subsequent development by the lessee, the defense by the Cowdens of the third party title suit in 1951, payment by them of two years' taxes thereafter and the corresponding failure of the respondent-plaintiff to assert ownership in connection with these matters were together tantamount to meeting requirements (b) and (c), there being no dispute that the testimony of George Cowden is sufficient to meet requirement (a). The contention, while not unimpressive, is, in our opinion, untenable.

"Hooks v. Bridgewater did, of course, recognize the question before it to be one of equitable estoppel and proceeded on the theory that such an estoppel is generally applicable to prevent the statute being used to effect a fraud. The 'requirements' above mentioned are by way of practical—and, to a degree, arbitrary—definition of 'fraud' for the particular purpose, including, as before indicated, the element of corroboration of the parol agreement by facts not themselves resting entirely on oral testimony.

"We will assume that the above stated facts are the equivalent of a taking of possession by the petitioners-defendant, and that requirement (b) of Hooks v. Bridgewater is accordingly satisfied. Unless the only way to take possession of a mineral interest is for the would-be possessor himself to drill, this might well be the case; and the fact that the change of possession occurred over ten years after the alleged agreement would not necessarily make it otherwise.

*"But requirement (c) is another matter. If we assume it may be satis-*

fied by some 'equivalent' of valuable and permanent improvements, we must yet look to the underlying purpose of the requirement in order to evaluate the particular 'equivalent' suggested. The significance of the requirement is in part that of a 'corroborative fact', but also, and more importantly, that of a serious change of position in reliance upon the oral contract over and above the payment of the consideration. *In the latter connection, there is no sufficient 'fraud' involved unless the parol vendee will suffer an additional and substantial out-of-pocket loss should the vendor be allowed to avoid the contract by invoking the statute. This is apparent from our positive statements in Hooks v. Bridgewater and other decisions that the 'fraud' in question is something quite different from a mere wrong upon the party against whom the statute is invoked.* See Robertson v. Melton, 131 Tex. 325, 332, 115 S.W.2d 624, 628, 118 A.L.R. 1505. Correspondingly we held in Francis v. Thomas, supra, [129 Tex. 579, 106 S.W.2d 257], that where the change of position of the vendee in reliance on the contract involved a profit to him, although not as great a one as he would have enjoyed had the vendor carried out his contract, equity will not circumvent the statute. *The mere failure to get the benefit of a good bargain is not enough. Robertson v. Melton, supra.*

" * * *

"While, as before stated we regard the decision as distinguishable from the instant case in that there was an actual return by Hinman to Wagoner of the Wagoner-to Hinman deed, it still appears to be at odds with the basic doctrine of Hooks v. Bridgewater in that an equitable title was held to pass by the parol reconveyance without even a transfer of possession, *still less the making of improvements by the revendee or any conspicuous equivalent of the latter.* Obviously, however, Cooper v. Hinman [Tex.Com.App., 235 S.W. 564] is not to be taken as overruling the Hooks v. Bridgewater doctrine, and, since it coincides with the latter to the extent that the actual return of the deed affords substantial corroboration of the agreement of reconveyance, we conclude that it may properly stand as an exception. On the other hand, we are not disposed to extend such an exception to cover the instant case. To do so would confuse, or further confuse, an otherwise long recognized and generally desirable rule." (Emphasis added)

The cause was pleaded and tried on the theory that appellees had an oral agreement for a life estate and their judgment was for a life estate. This case is distinguishable from cases involving rental or lease contracts cited by appellees.

We also hold that under the record in this cause there was no valid trust which would authorize a judgment for appellees for a life estate in the premises in question.

It is our view that plaintiffs-appellants' motion for instructed verdict should have been granted.

The judgment of the trial court is reversed and judgment is here rendered for appellants for the full fee simple title to the land and premises sued for, free and clear of the life estate asserted and claimed by appellees and free and clear of all other claims asserted by appellees.

Reversed and rendered.