**Donald Joe CARLEY, Appellant,**

v.

**Faye Sherry CARLEY, Appellee.**

**No. 04–85–00211–CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 26, 1986.

Rehearing Denied March 14, 1986.

William W. McNeal, Luling, for appellant.

Rebecca Hawener, Lockhart, for appellee.

Before ESQUIVEL, REEVES, and TIJERINA, JJ.

TIJERINA, Justice.

This is an appeal from a March 25, 1985 order divorcing the parties and dividing their marital estate. Appellant contends that the trial court erred in finding that he had an interest in land owned by his parents and in awarding appellee $4,325.00 as reimbursement for one-half of the community funds expended to enhance the value of this property interest. Appellee argues by her cross-point that the amount awarded by the court for the value of the improvements to appellant's property interest is inadequate and should be increased. We affirm.

In 1975, prior to their first marriage, appellant and appellee were invited by appellant's parents to live near them on part of a 54 acre farm that they owned. With the help of appellant's parents, the parties moved a mobile home and put it on the land near his parent's home. They began living in the mobile home in 1975, were married in 1976, and divorced in 1978. Soon after their first divorce, appellant and appellee began living together once more in the mobile home. In 1982 they sold the mobile home and built a six-room house on the land where they lived until their separation that proceeded this divorce.

Throughout the duration of the parties' marriage the land on which the house was built was owned by appellant's parents. Appellee testified that although they had no written agreement, appellant's parents had told her and appellant that they could live in the house forever and that appellant would get title to the land after his parents' death.

Appellant testified that he had moved back to his parent's farm at their request to help them in case they got sick or were in any trouble. He had an understanding with his parents that he could live on the land as long as he wanted to, "all my life." Appellant's father testified that he owned the land but that he intended to let his son live on it as long as he wished. Likewise, appellant's mother testified that she and her husband had an agreement with appellant and appellee that they could live on the land "for the rest of their lives."

In its findings of fact and conclusions of law, the trial court found that:

4. Respondent had a separate real property interest in the land owned by his parents.

5. Petitioner and Respondent expended community funds to enhance the value of Respondent's separate estate in the amount of $8,700.00 of which Petitioner is entitled $4,350.00.

■ A life estate is an interest in land and must be created in accordance with the statute of frauds. *Truitt v. Wilkinson,* 379 S.W.2d 400 (Tex.Civ.App.—Texarkana 1964, no writ). Appellee concedes that any interest that appellant may have in his parent's land was not created by a written agreement signed by his parents in conformity with the statute of frauds, TEX. BUS. & COM. CODE ANN. § 26.01(b)(4) (Vernon Supp.1986), but was created by parol. She contends, however, that appellant does have an enforceable life estate in his parent's land under the holding of the Supreme Court in *Hooks v. Bridgewater,* 111 Tex. 122, 229 S.W. 1114, 1116 (1921).

In *Hooks* the Court held that an oral interest in land is enforceable, notwithstanding the statute of frauds, where: (1) the transferee had paid consideration, whether in money or services; (2) the transferee has taken possession of the land; and (3) the transferee has made permanent and valuable improvements upon the land with the consent of the transferor.

■ Appellant does not contend in his brief on appeal that there is no evidence of consideration. Indeed, the record establishes that the consideration for the life estate was appellant's promise to his parents that he would help take care of them. The second requirement of *Hooks,* possession by the transferee, also is established by the record. Appellee testified that she and appellant moved onto his parents land at their request and were told that they could live there forever. Appellant also testified that he lived on his parent's land under the understanding that he can continue to live there as long as he wishes. Finally, appellant's parents also testified that he lives on land owned by them and that he may continue to do so as long as he wishes. This testimony conclusively establishes that appellant has taken possession of a life estate in his parent's land.

The third requirement of *Hooks,* that the transferee must have made permanent and valuable improvements upon the land with the consent of the transferor also is established by the uncontradicted evidence presented. The six-room home built by the parties is a permanent and valuable improvement to the land, constructed with the consent of appellant's parents.

Examining the evidence and reasonable inferences which support the findings of the trial judge and disregarding all evidence and inferences to the contrary, *Murphy v. Waldrip,* 692 S.W.2d 584 (Tex.App. —Fort Worth 1985, writ ref'd n.r.e.), we find that there is more than a mere scintilla of evidence supporting the trial judge's findings that the appellant had a property interest in the land owned by his parents. Appellant's argument that there is no evidence to support the finding of the trial court that he has an interest in his parent's land is overruled.

We also overrule appellant's contention that there is insufficient evidence to support this finding. Upon consideration of the entire record we do not find that this finding is so against the great weight as to be manifestly erroneous or unjust. *Murphy v. Waldrip, Id.* Appellant's points of error one through five are overruled.

■ Appellant next challenges the trial judge's finding that he and appellee had expended $8,700.00 in community funds to enhance the value of his life estate. The testimony of appellant, as well as exhibits which were stipulated into evidence, established that the parties had spent $12,962.19 in community funds for building the home and furnishing it. On cross-examination appellee testified that approximately $4,000.00 of the claimed community funds were not spent on construction of the home but on other matters such as furnishings. The trial judge's finding that the difference in these sums was the value by which appellant's life estate was enhanced is sup-

ported by some evidence in the record and, in consideration of the entire record, that finding is not manifestly unjust. *Murphy v. Waldrip, Id.* Therefore, it cannot be said that that finding is supported by no evidence or by insufficient evidence. Appellant's remaining points of error are overruled.

■ We also overrule appellee's cross-point of error that the trial judge's finding as to the enhanced value of the estate is erroneous for the reason that the evidence shows that the home that she and appellant built is worth at least $25,000.00. Appellee is not entitled to one-half of the market value of the home. The trial court properly awarded her one-half of the value by which appellant's life estate was increased by the expenditure of community funds. The trial court's finding in this regard is not against the great weight and preponderance of the evidence. *Pierce v. Pierce,* 667 S.W.2d 921, 923 (Tex.App.—Fort Worth 1984, writ dism'd)

The judgment of the trial court is affirmed.