ACCEPTED
03-15-00463-CV
7233411
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/5/2015 3:25:33 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00465-CV

IN THE
THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/5/2015 3:25:33 PM
JEFFREY D. KYLE
Clerk

**PENSIVE PROPERTIES, LP**
**Appellant**

**v.**

**TERRY BARNHART AND ALL OCCUPANTS**
**Appellees**

_Appeal from the County Court at Law No. 2, Travis County, Texas_
_The Honorable Eric Shepperd, Judge Presiding_

**BRIEF OF APPELLANT, PENSIVE PROPERTIES, LP**

JOHN M. DAVES
JOHN DAVES & ASSOCIATES, PLLC
State Bar No. 00794991
3624 North Hills Drive, Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)
john@johndaveslaw.com

**ATTORNEY FOR APELLANT**

ORAL ARGUMENT IS REQUESTED.

1

## IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties to the judgment appealed from and the names and addresses of all trial and appellate counsel.

Pensive Properties LP
Plaintiff/Appellant

JOHN M. DAVES
State Bar No. 00794991
3624 North Hills Drive, Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)
john@johndaveslaw.com
*Counsel in County Court and on Appeal*

Terry Barnhart
Defendant/Appellee

Michael Probus
Probus Law Firm
1701 Directors Blvd, Suite 290
Austin, Texas 78744
(512) 480-9504
(512) 320-0100 (fax)
*Counsel in County Court and on Appeal*

# **TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL.............................................................. 2

TABLE OF CONTENTS ................................................................................ 3

INDEX OF AUTHORITIES ............................................................................ 4

STATEMENT OF THE CASE .......................................................................... 5

STATEMENT REGARDING ORAL ARGUMENT................................................ 5

ISSUES PRESENTED................................................................................... 6

SUMMMARY OF ARGUMENT....................................................................... 7

STATEMENT OF FACTS ............................................................................. 8

LAW AND ANALYSIS ................................................................................ 10

PRAYER .................................................................................................. 12

CERTIFICATE OF SERVICE ....................................................................... 14

APPENDIX ............................................................................................... 15

# INDEX OF AUTHORITIES

**Cases**

*Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307, 310 (1935). .......................... 9

*Providence Land Servs. LLC v. Jones*, 353 S.W.3d 538 (Tex. App., 2011) ........... 9

*Nitschke v. Doggett,* 489 S.W.2d 335, 337 (Tex. Civ. App.-Austin 1972), vacated on other grounds, 498 S.W.2d 339 (Tex.1973)........................................................ 9

*Sherrod v. Powell,* No 10-10-00173 CV, (Tex. Civ. App.- Waco 2012) ............... 9

*Effel v. Rosberg,* 360 S.W.3d 626, 630 (Tex. App. 2012 ....................................... 10

*Truitt v. Wilkinson,* 379 S.W.2d 400 (Tex.Civ.App.—Texarkana 1964, no writ).. 10

*Carley v. Carley,* 705 S.W.2d 371, 373 (Tex. App. 1986). .................................... 10

*Norwood v. Childress,* 250 S.W.2d 927, 928 (Tex. Civ. App. 1952), *writ refused NRE.* ........................................................................................................................ 11

**Statutes**

Tex. Prop. Code §24.005................................................................................... 10

Tex. Bus. & Com. Code Ann. § 26.01 (West). .................................................. 11

Tex. Prop. Code Ann. § 5.021 (West).................................................................... 11

## STATEMENT OF THE CASE

This is a forcible detainer action in which the tenant claims the owner of the four-unit apartment complex, who is now deceased, gave the tenant a lifetime tenancy in an apartment as long as the tenant performed maintenance work on the property. The current owner, who is the wife of the deceased, filed a forcible detainer action in justice court and possession was granted to the owner. The tenant appealed and in a trial de novo, the county court denied possession to the owner.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is requested.

## RECORD

The Court Record ("CR") is comprised of the Clerks Record pages 1-85 and Plaintiff's Exhibits 1- 3. The trial transcript ("R") is comprised of pages 1-52.

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4(i), the word count in this brief is 1567.

# ISSUES PRESENTED

Did the trial court err in denying Appellant possession of the property in this forcible detainer action based on Appellee's claim of a lifetime tenancy in the property?

# SUMMARY OF ARGUMENT

All of the evidence presented at trial demonstrates that Terry Barnhart's legal status in connection with the property is solely that of a tenant. Because the tenancy was for an indeterminable time, i.e. as long as he wished in exchange for yard maintenance, he was a tenant-at-will and the lease could be terminated by either party. Pensive Properties gave Barnhart a 30-day notice of Intent to Terminate Occupancy and a three day notice to vacate as required by the Chapter 24.005 of the Texas Property Code. As no evidence was presented suggesting that Terry Barnhart had a life estate in the property, his tenancy was terminable at will. Therefore, the trial court erred in denying possession to Appellant. *See Effel v. Rosberg*, 360 S.W.3d 626 (Tex.App.-Dallas 2012)(trial court did not err in awarding possession of the property to the owner where lifetime tenancy was terminable at any time and where the property owner notified the tenant of the termination of the lease under section 24.005 of the Texas Property Code).

## STATEMENT OF FACTS

Pensive Properties, LP, represented by Melinda Blake Kaiser, is the owner of a four-plex and unit located at 722-B Shelby Lane Austin, Texas by virtue of a written and properly recorded deed. (Plaintiff's Exhibit 1). Defendant Terry Barnhart resides at the property pursuant to an oral agreement with Jeff Blake, former owner of Pensive Properties, who is now deceased. (R 33, 34) It is undisputed that no written lease existed between Barnhart and Pensive Properties. (R 33-34) It is also undisputed that the term of the agreement was indefinite and that Barnhart performed yard maintenance work in exchange for free rent. (R 27, 32-34).[1]

Melinda Kaiser is the widow of Jeff Blake and current owner of the property. (R 8-9). She testified that this arrangement began around the time her husband became ill with cancer in July 2010 and continued after his death in October 2010. (R 9, 15) Terry Barnhart, although disputing the timing as to when the arrangement began, testified that Jeff Blake told him as long as he maintained the yard, he could

---

[1] The evidence was conflicting as to the extent of the work required of Mr. Barnhart. Melinda Kaiser testified he was to perform yard maintenance and other cleaning and maintenance work in exchange for free rent. (R 9). Terry Barnhart testified the free rent was for yard maintenance only. (R 34).

stay in the apartment as long as he wished.(R 28).[2] Eventually however, according to Melinda Kaiser, Terry Barnhart's maintenance services became unsatisfactory to Pensive Properties LP. (R 9). Melinda Kaiser discussed with Terry Barnhart the problems with his work on more than one occasion and no improvements or changes were made. (R 9).

Melinda Kaiser testified she had to hire a lawn service to keep up the lawn. (R 10). Terry Barnhart acknowledged that he refused to do the work when Ms. Kaiser hired the lawn service. (R 30). He testified that when Ms. Kaiser hired a lawn service, he "went in refusal to do anything." (R 30). Pensive Properties thereafter provided a 30-day Notice of Intent to Terminate Occupancy as the lease agreement was on a month to month basis. (R 11, Plaintiff's Exhibit 2). Terry Barnhart refused to vacate the premises. Pensive Properties thereafter served a Notice to Vacate allowing Plaintiff three days to vacate the premises in accordance with the Texas Property Code. (R 11, Plaintiff's Exhibit 3). Terry Barnhart failed to vacate the premises and Pensive Properties was forced to file a forcible detainer action to regain possession of the property wrongfully occupied by Terry Barnhart. (R 25). At trial

---

[2] Barnhart produced no written documentation of a life tenancy in the property and testified that he had none. (R 33). Nor could Barnhart provide any specific details of the conversation or promise in which he was purportedly granted the life tenancy. (R 33).

Barnhart claimed to have been granted a lifetime tenancy in the property by Jeff Blake in exchange for performing maintenance work.[3]

## LAW AND ANALYSIS

**A. Barnhart's tenancy for a term equal to the remainder of his life as long as he performs maintenance is a tenancy at will.**

Assuming Plaintiff established he was granted a tenancy for the remainder of his life, or as long as he continued to perform yard maintenance, it is the long-standing rule in Texas that a lease must be for a certain period of time or it will be considered a tenancy at will. See *Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307, 310 (1935). If the lease is for an indefinite time period, the tenant is merely a tenant at will, and the tenancy may be terminated at the will of either party. *Providence Land Servs. LLC v. Jones*, 353 S.W.3d 538 (Tex. App., 2011), citing *Holcombe,* 79 S.W.2d at 310. Courts have applied this rule to leases that state they are for the term of the lessee's life because the uncertainty of the date of the lessee's death rendered the lease terminable at will by either party. *See Nitschke v. Doggett,* 489 S.W.2d 335, 337 (Tex. Civ. App.-Austin 1972), vacated on other grounds, 498 S.W.2d 339 (Tex.1973); *Sherrod v. Powell,* No 10-10-00173 CV, (Tex. Civ. App.- Waco 2012)(stating a lease must be for a certain period of time or it will be considered a

---

[3] Terry Barnhart did not file an answer or any pleadings asserting a life estate or ownership interest in the property.

tenancy at will). This case is no different. Terry Barnhart had a lease terminable at will with Pensive Properties. He was given a 30-day notice by Pensive Properties of its intent to terminate occupancy. (R. 11, Plaintiff's Exhibit 2). As he refused to vacate the premises after thirty days, a three day notice to vacate was served and this forcible detainer was brought. Terry Barnhart has no life estate in the property and his tenancy was month to month. Therefore, the trial court erred in denying possession to Appellant. *See Effel v. Rosberg*, 360 S.W.3d 626 (Tex.App.-Dallas 2012)(trial court did not err in awarding possession of the property to the owner where life estate tenancy was terminable at any time and where the property owner notified the tenant of the termination of the lease under section 24.005 of the Texas Property Code).

All of the evidence presented at trial demonstrates that Barnhart's legal status in connection with the property is solely that of a tenant. Because the tenancy was for an indeterminable time, it could be terminated by either party. Pensive Properties gave proper notice of termination under Section 24.005 of the Property Code. Therefore, possession should be awarded to the owner.

**B. Any claimed life estate in the property violates the statute of frauds.**

Appellee did not plead an ownership interest in the property, nor was any evidence presented that suggests Appellee maintains an ownership interest in the property. However, to the extent Appellee contends his life tenancy is an ownership

interest in the property in the form of a life estate, it is invalid and unenforceable. A life estate is an interest in land and must be created in accordance with the statute of frauds. *Truitt v. Wilkinson,* 379 S.W.2d 400 (Tex.Civ.App.—Texarkana 1964, no writ); *Carley v. Carley,* 705 S.W.2d 371, 373 (Tex. App. 1986). Section 26 of the Texas Business and Commerce Code states specifically that a contract for the sale of real estate is not enforceable unless the promise or agreement, or a memorandum of it, is (1) in writing; and (2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him. TEX. BUS. & COM. CODE ANN. § 26.01 (West). Further, a conveyance of an estate of inheritance, a freehold, or an estate for more than one year, in land and tenements, must be in writing and must be subscribed and delivered by the conveyor or by the conveyor's agent authorized in writing. TEX. PROP. CODE ANN. § 5.021 (West).

Barnhart testified that he provided yard maintenance in return for free rent and that he had an oral agreement that he could continue living in the apartment as long as he wished in exchange for doing the maintenance. (R 27, 32-34). The warranty deed submitted in this case does not reserve a life estate in favor of Barnhart, and Barnhart does not challenge the validity of the deed. (Plaintiff's Exhibit 1). Barnhart submitted no evidence of a written agreement or document conveying a life estate. Further, Barnhart's evidence did not establish the requirements of the exception to the statute of frauds bar, i.e. payment of consideration, possession, and making

12

valuable and permanent improvements upon the land with the consent of the seller; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. See *Norwood v. Childress,* 250 S.W.2d 927, 928 (Tex. Civ. App. 1952), *writ refused NRE.* As there is no writing, it is not valid or enforceable as a life estate in the property.

## PRAYER

Here, the undisputed evidence established Pensive Properties is the record owner of the property; Barnhart had an oral lease for an indeterminate period; such lease was terminable at will by either party; Pensive Properties properly gave notice of its intent to terminate the lease and is entitled to possession.

Respectfully Submitted,

_____*/s/ John M. Daves*____
JOHN M. DAVES
John Daves & Associates, PLLC
State Bar No. 00794991
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)
john@johndaveslaw.com

ATTORNEY FOR APPELLANT

# CERTIFICATE OF SERVICE

The foregoing instrument was served on the parties below in accordance with

the Texas Rules of Appellant Procedure on the 5th day of October, 2015.

Michael Probus
Probus Law Firm
1701 Directors Blvd, Suite 290
Austin, Texas 78744
(512) 480-9504
(512) 320-0100 (fax)

*/s/ John M. Daves*_____
John M. Daves

# APPENDIX

1. County Court Judgment
2. Tex. Prop. Code §24.005
3. Tex. Bus. & Com. Code Ann. § 26.01 (West)
4. Tex. Prop. Code Ann. § 5.021 (West).

FILED FOR RECORD

2015 JUL 13 PM 2: 54

TRAVIS COUNTY, TEXAS

| | | |
|---|---|---|
| PENSIVE PROPERTIES LP<br>Plaintiff/ Appellee | §<br>§<br>§<br>§ | IN THE COUNTY COURT AT LAW |
| v. | §<br>§ | NUMBER TWO |
| TERRY BARNHART<br>AND ALL OCCUPANTS | §<br>§<br>§<br>§ | |
| Defendant/Appellant | §<br>§ | TRAVIS COUNTY, TEXAS |

## JUDGMENT

At the hearing on this cause, the Plaintiff appeared through counsel. Defendant, Terry Barnhart also appeared through counsel at trial of this matter.

The Court has considered the pleadings and official records on file in this cause as well as the evidence and is of the opinion that a judgment should be rendered in favor of Defendant, Terry Barnhart, denying Plaintiff's plea for possession.

IT IS THEREFORE ODRERED, ADJUDGED AND DECREED that

Judgment should be rendered in favor of Defendant, Terry Barnhart, denying Plaintiff's plea for possession of 722-B Shelby Lane Austin, Texas, Travis County, Texas.

SIGNED on this _13th_ day of _July_, 2015.

_____
PRESIDING JUDGE

ERIC M. SHEPPERD

BUSINESS AND COMMERCE CODE

TITLE 3. INSOLVENCY, FRAUDULENT TRANSFERS, AND FRAUD

CHAPTER 26. STATUTE OF FRAUDS

Sec. 26.01.  PROMISE OR AGREEMENT MUST BE IN WRITING.  (a)  A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

    (1)  in writing;  and

    (2)  signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

  (b)  Subsection (a) of this section applies to:

    (1)  a promise by an executor or administrator to answer out of his own estate for any debt or damage due from his testator or intestate;

    (2)  a promise by one person to answer for the debt, default, or miscarriage of another person;

    (3)  an agreement made on consideration of marriage or on consideration of nonmarital conjugal cohabitation;

    (4)  a contract for the sale of real estate;

    (5)  a lease of real estate for a term longer than one year;

    (6)  an agreement which is not to be performed within one year from the date of making the agreement;

    (7)  a promise or agreement to pay a commission for the sale or purchase of:

        (A)  an oil or gas mining lease;

        (B)  an oil or gas royalty;

        (C)  minerals;  or

        (D)  a mineral interest;  and

    (8)  an agreement, promise, contract, or warranty of cure relating to medical care or results thereof made by a physician or health care provider as defined in Section 74.001, Civil Practice and Remedies Code.  This section shall not apply to pharmacists.

Acts 1967, 60th Leg., vol. 2, p. 2343, ch. 785, Sec. 1.  Amended by Acts 1977, 65th Leg., p. 2053, ch. 817, Sec. 21.01, eff. Aug. 29, 1977;  Acts 1987, 70th Leg., ch. 551, Sec. 1, eff. Aug. 31, 1987. Amended by:

Acts 2005, 79th Leg., Ch. 187 (H.B. 735), Sec. 1, eff. September 1, 2005.


Sec. 26.02.  LOAN AGREEMENT MUST BE IN WRITING.  (a)  In this section:

(1)  "Financial institution" means a state or federally chartered bank, savings bank, savings and loan association, or credit union, a holding company, subsidiary, or affiliate of such an institution, or a lender approved by the United States Secretary of Housing and Urban Development for participation in a mortgage insurance program under the National Housing Act (12 U.S.C. Section 1701 et seq.).

(2)  "Loan agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation.  The term does not include a promise, promissory note, agreement, undertaking, document, or commitment relating to:

(A)  a credit card or charge card;  or

(B)  an open-end account, as that term is defined by Section 301.002, Finance Code, intended or used primarily for personal, family, or household use.

(b)  A loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative.

(c)  The rights and obligations of the parties to an agreement subject to Subsection (b) of this section shall be determined solely from the written loan agreement, and any prior oral agreements

PROPERTY CODE

TITLE 2. CONVEYANCES

CHAPTER 5. CONVEYANCES

SUBCHAPTER B. FORM AND CONSTRUCTION OF INSTRUMENTS

Sec. 5.021.  INSTRUMENT OF CONVEYANCE.  A conveyance of an estate of inheritance, a freehold, or an estate for more than one year, in land and tenements, must be in writing and must be subscribed and delivered by the conveyor or by the conveyor's agent authorized in writing.

Acts 1983, 68th Leg., p. 3481, ch. 576, Sec. 1, eff. Jan. 1, 1984.


Sec. 5.022.  FORM.  (a)  The following form or a form that is the same in substance conveys a fee simple estate in real property with a covenant of general warranty:
"The State of Texas,
"County of _____.
    "Know all men by these presents, That I, _____, of the _____ (give name of city, town, or county), in the state aforesaid, for and in consideration of _____ dollars, to me in hand paid by _____, have granted, sold, and conveyed, and by these presents do grant, sell, and convey unto the said _____, of the _____ (give name of city, town, or county), in the state of _____, all that certain _____ (describe the premises).  To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said _____, his heirs or assigns forever.  And I do hereby bind myself, my heirs,

PROPERTY CODE

TITLE 4. ACTIONS AND REMEDIES

CHAPTER 24. FORCIBLE ENTRY AND DETAINER

Sec. 24.001. FORCIBLE ENTRY AND DETAINER. (a) A person commits a forcible entry and detainer if the person enters the real property of another without legal authority or by force and refuses to surrender possession on demand.

(b) For the purposes of this chapter, a forcible entry is:

(1) an entry without the consent of the person in actual possession of the property;

(2) an entry without the consent of a tenant at will or by sufferance; or

(3) an entry without the consent of a person who acquired possession by forcible entry.

Acts 1983, 68th Leg., p. 3514, ch. 576, Sec. 1, eff. Jan. 1, 1984. Amended by Acts 1989, 71st Leg., ch. 688, Sec. 1, eff. Sept. 1, 1989.

Sec. 24.002. FORCIBLE DETAINER. (a) A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:

(1) is a tenant or a subtenant wilfully and without force holding over after the termination of the tenant's right of possession;

(2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or

(3) is a tenant of a person who acquired possession by forcible entry.

(b) The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005.

Acts 1983, 68th Leg., p. 3514, ch. 576, Sec. 1, eff. Jan. 1, 1984. Amended by Acts 1985, 69th Leg., ch. 200, Sec. 1, eff. Aug. 26, 1985; Acts 1989, 71st Leg., ch. 688, Sec. 2, eff. Sept. 1, 1989.

Sec. 24.003. SUBSTITUTION OF PARTIES. If a tenancy for a term expires while the tenant's suit for forcible entry is pending, the landlord may prosecute the suit in the tenant's name for the landlord's benefit and at the landlord's expense. It is immaterial whether the tenant received possession from the landlord or became a tenant after obtaining possession of the property.

Acts 1983, 68th Leg., p. 3515, ch. 576, Sec. 1, eff. Jan. 1, 1984. Amended by Acts 1985, 69th Leg., ch. 891, Sec. 1, eff. Aug. 26, 1985.

Sec. 24.004. JURISDICTION; DISMISSAL. (a) Except as provided by Subsection (b), a justice court in the precinct in which the real property is located has jurisdiction in eviction suits. Eviction suits include forcible entry and detainer and forcible detainer suits. A justice court has jurisdiction to issue a writ of possession under Sections 24.0054(a), (a-2), and (a-3).

(b) A justice court does not have jurisdiction in a forcible entry and detainer or forcible detainer suit and shall dismiss the suit if the defendant files a sworn statement alleging the suit is based on a deed executed in violation of Chapter 21A, Business & Commerce Code.

Acts 1983, 68th Leg., p. 3515, ch. 576, Sec. 1, eff. Jan. 1, 1984. Amended by Acts 1985, 69th Leg., ch. 891, Sec. 1, eff. Aug. 26, 1985; Acts 1997, 75th Leg., ch. 1205, Sec. 1, eff. Sept. 1, 1997.
Amended by:

Acts 2011, 82nd Leg., R.S., Ch. 958 (H.B. 1111), Sec. 1, eff. January 1, 2012.

Acts 2011, 82nd Leg., R.S., Ch. 1242 (S.B. 1320), Sec. 3, eff. September 1, 2011.

Acts 2013, 83rd Leg., R.S., Ch. 161 (S.B. 1093), Sec. 22.002(28), eff. September 1, 2013.


This section was amended by the 84th Legislature. Pending publication of the current statutes, see S.B. 1367, 84th Legislature, Regular Session, for amendments affecting this section.

Sec. 24.005. NOTICE TO VACATE PRIOR TO FILING EVICTION SUIT. (a) If the occupant is a tenant under a written lease or oral rental agreement, the landlord must give a tenant who defaults or holds over beyond the end of the rental term or renewal period at least three days' written notice to vacate the premises before the landlord files a forcible detainer suit, unless the parties have contracted for a shorter or longer notice period in a written lease or agreement. A landlord who files a forcible detainer suit on grounds that the tenant is holding over beyond the end of the rental term or renewal period must also comply with the tenancy termination requirements of Section 91.001.

(b) If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement. If a building is purchased at a tax foreclosure sale or a trustee's foreclosure sale under a lien superior to the tenant's lease and the tenant timely pays rent and is not otherwise in default under the tenant's lease after foreclosure, the purchaser must give a residential tenant of the building at least 30 days' written notice to vacate if the purchaser chooses not to continue the lease. The tenant is considered to timely pay the rent under

this subsection if, during the month of the foreclosure sale, the tenant pays the rent for that month to the landlord before receiving any notice that a foreclosure sale is scheduled during the month or pays the rent for that month to the foreclosing lienholder or the purchaser at foreclosure not later than the fifth day after the date of receipt of a written notice of the name and address of the purchaser that requests payment. Before a foreclosure sale, a foreclosing lienholder may give written notice to a tenant stating that a foreclosure notice has been given to the landlord or owner of the property and specifying the date of the foreclosure.

(c)  If the occupant is a tenant of a person who acquired possession by forcible entry, the landlord must give the person at least three days' written notice to vacate before the landlord files a forcible detainer suit.

(d)  In all situations in which the entry by the occupant was a forcible entry under Section 24.001, the person entitled to possession must give the occupant oral or written notice to vacate before the landlord files a forcible entry and detainer suit.  The notice to vacate under this subsection may be to vacate immediately or by a specified deadline.

(e)  If the lease or applicable law requires the landlord to give a tenant an opportunity to respond to a notice of proposed eviction, a notice to vacate may not be given until the period provided for the tenant to respond to the eviction notice has expired.

(f)  The notice to vacate shall be given in person or by mail at the premises in question.  Notice in person may be by personal delivery to the tenant or any person residing at the premises who is 16 years of age or older or personal delivery to the premises and affixing the notice to the inside of the main entry door.  Notice by mail may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question.  If the dwelling has no mailbox and has a keyless bolting device, alarm system, or dangerous animal that prevents the landlord from entering the premises to leave

the notice to vacate on the inside of the main entry door, the landlord may securely affix the notice on the outside of the main entry door.

(g)  The notice period is calculated from the day on which the notice is delivered.

(h)  A notice to vacate shall be considered a demand for possession for purposes of Subsection (b) of Section 24.002.

(i)  If before the notice to vacate is given as required by this section the landlord has given a written notice or reminder to the tenant that rent is due and unpaid, the landlord may include in the notice to vacate required by this section a demand that the tenant pay the delinquent rent or vacate the premises by the date and time stated in the notice.

Acts 1983, 68th Leg., p. 3515, ch. 576, Sec. 1, eff. Jan. 1, 1984.  Amended by Acts 1985, 69th Leg., ch. 891, Sec. 1, eff. Sept. 1, 1985;  Acts 1989, 71st Leg., ch. 688, Sec. 3, eff. Sept. 1, 1989;  Acts 1997, 75th Leg., ch. 1205, Sec. 2, eff. Sept. 1, 1997.